## JULIA PYE vs. CITY OF MANKATO.

### June 15, 1888.

Municipal Corporation—Obstruction of Water-Course—Limitation of Action.—A statute imposing limitations in respect to actions against a city for injuries received from "a defect in the condition of any bridge, street, sidewalk, or thoroughfare," *held* not applicable to a case of land overflowed by the obstruction of a water-course, by raising the grade of a city street.

Appeal by defendant from an order of the district court for Blue Earth county, *Severance*, J., presiding, overruling its demurrer to the complaint.

*E. P. Freeman*, for appellant.

*Daniel Buck* and *Collester & Foster*, for respondent.

DICKINSON, J. This is an appeal from an order overruling a demurrer to the complaint. The complaint charges the city with liability on account of the raising of the grade of certain streets, so as to form embankments obstructing a water-course which crossed the same, by reason of which, and because the gutters provided for carrying off the water were insufficient for that purpose, water was collected and discharged upon the plaintiff's premises. The only ground upon which the defendant relies in support of its demurrer is that section 8, subchapter 8, chapter 73, Sp. Laws 1881, found on page

412, declares that no such action can be maintained unless it shall be commenced within one year from the injury complained of, nor unless notice shall have been given to the mayor as in such act provided. The only question is whether that provision of the statute is applicable to such a case. The section referred to reads: "No action shall be maintained against the city of Mankato on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury; nor unless notice shall have first been given in writing to the mayor of said city within thirty days of the occurrence of such injury or damage, stating the place where, and the time when, such injury was received, and that the person so injured will claim damages of the city for such injury."

We are of the opinion, as was the learned judge of the district court, that this statute is not applicable to a case of this kind. The words "any defect in the condition of any bridge, street, sidewalk, or thoroughfare," refer to defects in such public ways or structures as such, and with regard to their usefulness and safety for the purposes of travel. The language is plainly selected with reference to injuries caused by dangerous conditions of that kind, and there is nothing suggesting that it was intended to embrace injuries resulting to adjacent property from conditions which do not render the street or highway defective as such. The injury here complained of has no natural or necessary relation to the fact that the places where the alleged acts were done were public streets.

Order affirmed.