SAMUEL C. RAY *vs.* CITY OF ST. PAUL.

*October 3, 1890.*

**Municipal Corporation—Personal Injury from Street Defect—Notice of Injury to be Given.**—The defendant deposited snow and other refuse material on the bank of the Mississippi river, at the foot of one of the streets in the city, the practical effect of which was to extend the street over the bank so as to be unsafe for persons approaching the river over the street; and the plaintiff, being unaware of the danger, passed over upon an embankment caused by the accumulation of such material, and was injured. *Held,* that the provision of the city charter, requiring notice to be given within 30 days of an injury caused by the defective condition of a street, is applicable to such a case, unless it is made to appear that the party injured is "bereft of reason" in consequence of the injury, within the meaning of the statute excusing notice in such cases.

**Same—Failure to give Notice—Insufficient Excuse.**—Evidence in this case *held* insufficient to show that the plaintiff was "bereft of reason" or mentally incapacitated from attending to business, so as to be exempt from the statutory requirement as to notice.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, refusing a new trial after verdict of $2,000 for plaintiff.

*O. E. Holman*, for appellant.

*I. V. D. Heard*, for respondent.

VANDERBURGH, J. This is an action brought against the city for personal injuries caused by the condition of one of its streets or thoroughfares leading to the river, arising from an accumulation of snow and refuse collected at the foot of the street on the bank of the river. The substance of the complaint appears, and its sufficiency is sustained, in the decision on the former appeal. 40 Minn. 458, (42 N. W. Rep. 297.) In order to sustain an action against the city for an injury received "by means of any defect in the condition of any street or thoroughfare," it is required by the charter that notice of the circumstances of the injury shall be given in writing to the mayor or city clerk within 30 days after occurrence thereof. A similar provision was construed and held valid in *Nichols* v. *City of Minneapolis*, 30 Minn. 545, (16 N. W. Rep. 410.) It is, however, also provided that notice need not be given where the person injured shall, in consequence of the injury, "be bereft of reason." The plaintiff's injury was a broken leg. It was a compound fracture, occasioning much suffering, to relieve which, and to induce repose, opiates were administered, as was needed, for more than 30 days after the accident. The plaintiff's contention is that the evidence shows, or tends to show, that he was, under the circumstances, mentally incapacitated from attending to business during the time, and hence exempt from the statutory requirement as to notice; but we think the evidence in the case fails to establish this. His limb was placed in a cast or setting of plaster of Paris, according to the usual practice in such cases. The injury did not cause delirium or much fever. He was harassed and distressed by the pain in the injured limb, but the injury had no other effect upon his mind. The physician who attended him, and visited him two or three times a day, and who was a witness in his behalf, prescribed morphine to ease his pain; but there is no evidence that he was not awake, more or less, every day, or that he was not conscious when he was awake. This witness also testified

that his mind was sufficiently clear to suggest anything that might affect his business; that, when he visited him, he engaged in conversation, and understood and answered his questions intelligently. It is true another of the plaintiff's witnesses, who was in the habit of calling to see him frequently, "every day, or every other day," testified that the morphine was given the patient about every time she was there, and also, against the defendant's objection, that, in her opinion, plaintiff was not in mental condition to attend to business at all for six weeks. But, not being an expert, she was not competent to express her opinion generally on the subject of his mental capacity, and, as explanatory of the facts testified to by her, her opinion was not warranted. She admits that he was able to converse with her and with other friends who called, but says "his sufferings were so great he could think of nothing but his sufferings." "If he had not been in pain, his mind would have been all right."

The court was right undoubtedly in holding that the statute should receive a reasonable and liberal construction in favor of the citizen, but the plaintiff was obliged to bring himself within the exception, and this, we think, he failed to do, under the evidence in the case; that is to say, the evidence does not show that his mental operations were so impaired, either through his physical condition or as the result of medical treatment required thereby, as to disqualify him from attending to, or giving needful directions in respect to, the notice during the statutory period. The plaintiff, however, insists that this case does not fall within the class in which the statutory notice is required to be given, on the ground that the injury was occasioned by the acts and omission of the city in causing and permitting a nuisance to be created outside the street, and not from a defect in the street. But the deposit of snow and refuse in itself, and apart from its connection with the street, does not appear to have been unlawful, wrongful, or negligent; and the complaint was held sufficient in this case because the acts complained of rendered the street unsafe, and dangerous for use. The terminal line of the street was obliterated, and there was nothing to protect or warn citizens of the danger beyond. 40 Minn. 458, (42 N. W. Rep. 297.) The acts complained of directly affected the usefulness and safety of the street

for the public. The street itself being thereby rendered unsafe, whether by the acts of the city or of others with its permission, was in a defective condition, we think, within the meaning of the statutory provision requiring notice. *Pye* v. *City of Mankato*, 38 Minn. 536, (38 N. W. Rep. 621.)

Upon a careful examination of the record, we are unable to say that the court erred in submitting the questions of the negligence of the defendant, and the alleged contributory negligence of the plaintiff, to the jury.

Order reversed.