## JOHN D. MORAN *vs.* CITY OF ST. PAUL.

Submitted on briefs May 24, 1893. Affirmed July 21, 1893.

**St. Paul Charter Construed.**

The provisions of the charter of St. Paul, requiring notice to be served on the mayor or city clerk of claims for injuries received from "a defect in the condition of any bridge, street, sidewalk, or thoroughfare," applies only to injuries resulting from defects in public ways as such, and with regard to their usefulness and safety for the purposes of travel.

**Parties to an Action for Damages from Defective Water Main in St. Paul.**

When it is alleged in an action against the city that the defective water main or pipe which caused the injury was laid in the street by the city itself, the complaint is not demurrable for a defect of parties defendant because the board of water commissioners was not joined as defendant.

Appeal by defendant, the City of St. Paul, from an order of the District Court of Ramsey County, *J. J. Egan,* J., made September 12, 1892, overruling its demurrer to the complaint.

Plaintiff alleged that in August, 1888, he had a contract with the St. Paul City Railway Company to do the excavating and build the foundation walls for the power house on East Seventh Street in St. Paul. That in doing that work he was hindered, interfered with, and damaged by leakage from the water-main laid by the City in Seventh Street in front of the work. That the large water-main was negligently and carelessly laid and was of poor material and workmanship, and the water escaped therefrom in large quantities, and ran into, and upon, his work and flooded his excavation, and delayed his work upon the foundation and basement

walls, to his damage $1,729.40, for which sum he demanded judgment against the City. To this complaint the City demurred. The demurrer was overruled, and the City appeals.

*Dan W. Lawler* and *H. W. Phillips,* for appellant.

*Charles N. Bell,* for respondent.

COLLINS, J. The complaint herein alleged, as the gist of the action, that defendant city had laid a large water main or pipe in one of its public streets in so careless and negligent a manner, and had used such poor material and defective workmanship, as to cause it to leak, whereby great quantities of water had escaped, and, passing to land adjoining the street, caused plaintiff to be injured and damaged in a certain specified manner. A demurrer was interposed to this pleading on two grounds: First, that there was a defect of parties defendant; and, second, that facts sufficient to constitute a cause of action were not stated therein.

1. There was no defect of parties defendant. The complaint contains the positive averment that the main or pipe in question was laid by the defendant city. Now, it may be true, as argued by counsel for appellant city, that under the provisions of Sp. Laws 1885, ch. 110, and amendments thereto, the enactment thereof being alleged in the complaint, the city could not and did not lay the main or water pipe in question; that the power and authority so to do was conferred exclusively upon the board of water commissioners, and that under the terms of section 34 of said chapter this action should have been brought against that board, and cannot be maintained against the city; but this does not demonstrate that there was a defect of parties defendant. It may suggest the wrong defendant, and that with a proper answer the action against the present one cannot be successfully sustained.

2. There was no averment in the complaint that a written notice of plaintiff's claims for damages had been served upon the mayor or city clerk, as prescribed and required by the charter, (Sp. Laws 1885, ch. 7, § 19,) and for this reason counsel claims there was a failure to state facts sufficient to constitute a cause of action. Section 19 has no applicability to a case of this character. The words, "any defect in the condition of any bridge, street, sidewalk, or thoroughfare," refer to defects in such public ways or structures as such, and with

regard to their usefulness and safety for the purposes of travel. It was so held in *Pye v. City of Mankato*, 38 Minn. 536, (38 N. W. Rep. 621,) and on the facts as alleged the cases are not distinguishable.

Order affirmed.

(Opinion published 56 N. W. Rep. 80.)