(80 App. Div. 434.)

McINTEE v. CITY OF MIDDLETOWN.

(Supreme Court, Appellate Division, Second Department. March 20, 1903.)

1. NEGLIGENCE—NOTICE TO CITY—EVIDENCE—OBJECTION.
   Where, on the trial of an action against a city for injury resulting from its negligence, a duly verified notice to the common council, with proof attached of service "of the annexed notice," was offered in evidence, an objection that the evidence was immaterial did not raise the question whether the notice served was a copy, instead of an original verified notice, especially when the defendant insisted that the notice was material to the action.

2. SAME—DEFECT IN STREET—SEWER—INJURY TO WORKMAN.
   Laws 1894, p. 1755, c. 704, requiring that all claims for injuries alleged to have been sustained by reason of defects in any highway or sidewalk shall be presented in writing to the common council within 60 days, has no application to an injury to a workman engaged in digging a sewer by the caving in of the sides, though the sewer was in a street.

3. SAME—SERVICE OF NOTICE—PRESIDENT OF COMMON COUNCIL.
   Under Laws 1892, p. 1489, c. 677, § 20, providing that when a notice is required to be given to a board or body, service on the clerk or chairman shall be sufficient, service on the president of the common council of notice of a claim against a city for damages is a sufficient compliance with a statute requiring such notice to be served on the common council.

Appeal from Trial Term.

Action by John McIntee against the city of Middletown. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John C. R. Taylor, for appellant.
Thomas Watts, for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant in failing to provide a reasonably safe place for the plaintiff to work, and reasonably safe appliances for the performance of such labor. The plaintiff was employed in digging a ditch or trench for a sewer in the city of Middletown. The trench was between six and seven feet deep at the time he was put to work, and the evidence shows that the foundation under the highway was made up of loose materials, which had been filled in to bring the street to grade, and that while the plaintiff was at work under the direction of the defendant's superintendent one side of the trench caved in, resulting in the injuries complained of in this action. There was evidence that it was customary and proper, in digging trenches of this character, to sheath up the sides, and to support them by braces; that the defendant's superintendent's attention had been called to

the fact that it was dangerous to put men at work in such a place; that the sides or walls of the trench were nearly perpendicular at the point of the accident, and that it was more dangerous to work in made ground than in the natural earth. It was likewise shown by evidence sufficient to support the judgment that the plaintiff was in the exercise of that reasonable degree of care which was to be expected of him under the circumstances, and that the risk was not sufficiently obvious and appreciated by him as to warrant the conclusion that he accepted the risk. While there was some effort to show that the defendant owned materials for shoring up the sides of the trenches, and that the foreman or superintendent had the authority to use the credit of the city in procuring necessary materials to make the place safe, there was no evidence that such materials were in fact provided. On the contrary, the evidence shows that there was no proper material at hand for this purpose, and it has been held by a long line of authorities, not necessary to be cited here, that the duty of providing a reasonably safe place, and of affording reasonably safe tools and appliances, is a duty of the master, which cannot be delegated so as to relieve the latter from responsibility for a failure to provide these safeguards to employés. A careful examination of the evidence convinces us that the issues were properly decided by the jury, and, unless there were errors in the admission or rejection of evidence, or the action was barred by some provision of law, the judgment appealed from should be affirmed.

It is urged that the plaintiff was bound to establish that a certain notice required by the provisions of the defendant's charter was served upon the common council within 60 days after the happening of the accident. The attorneys for the respective parties entered into a written stipulation that "the affidavit of Walter C. Holly, together with a notice of claim attached to said affidavit, may be read in evidence on the trial of this action with the same force and effect as if the said Walter C. Holly was personally present and testifying to words contained in said affidavit and notice," and pursuant to this stipulation the affidavit and notice were put in evidence, showing that the said Holly "served the annexed notice upon the following named persons at the times and places hereinafter named," etc. The persons mentioned are John A. Wallace, city treasurer, and Charles Tierney, president of the common council. The notice, the form and substance of which appear to be in conformity with the provisions of the statute, was objected to in evidence on the ground that it was immaterial, no other objection being urged. This was overruled, and defendant excepted. It is now urged that the evidence shows that a copy of the notice was served upon these individuals, and not upon the common council, and that the statute requires the original verified notice. But the evidence does not mention anything about a copy. The affidavit says that the deponent "served the annexed notice upon the following named persons," and the annexed notice is duly verified. The fact that there were two notices served does not necessarily show that they were copies. The notices may have all been original notices, and, whether they were or not, this objection was not raised upon the trial, and it cannot be brought forward at this time under the objection that the evidence was

immaterial, especially as the defendant insists that the notice is material to the action.

· But there is another answer to this contention of the defendant. The notice provided by chapter 704, p. 1755, of the·Laws of 1894, has no relation to an accident such as the plaintiff alleges in his complaint. These short statutes of limitation are in derogation of the common law, and are not to be extended beyond the necessary limits of the language used. The provision of the charter is that "all claims for injury to the person or property alleged to have been caused or sustained by reason of defects in, want of repair, or obstruction of any of the highways, streets, alleys, sidewalks or crosswalks of public places of the city, shall be presented in writing to the common council within sixty days after the date of such alleged injury." The complaint does not allege any defect in, want of repair, or obstruction of any highway. It claims damages because of the fact that the banks or walls of a sewer trench caved in upon the plaintiff, owing to the negligence of the defendant in not properly guarding the said walls or sides of the sewer trench, and the mere fact that this sewer happened to be in the highway does not bring it within the letter or the spirit of the provision of the charter referred to. That this is the construction to be put upon the act as it was in force at the time of this accident in 1898 is evidenced by the change which was made in the defendant's charter in 1902 (chapter 572, p. 1376, Laws 1902), where it is provided by section 30 of title 3 that "all claims against the city for damages for injuries to person or property alleged to have been caused by the misfeasance or negligence of the city, or any of its officers or employees, shall be presented," etc. The plaintiff served a notice calling the attention of the city to the fact that the accident had occurred, and that a claim for damages was made. This notice was served upon the president of the common council, which is a sufficient service under the provisions of section 20 of the statutory construction law, Laws 1892, p. 1489, c. 677, and we have no doubt that the plaintiff has established a right to recover even under the statute as amended. The plain object of statutes of this character is to provide means by which a city may better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers may the more readily pursue an investigation of their merits than if longer postponed. It could not have been the purpose of the Legislature to deny to the party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights, and the tendency of the decisions is to hold that a substantial compliance is all that is necessary in cases of this character. Green v. Village of Port Jervis, 55 App. Div. 58, 66 N. Y. Supp. 1042, and authorities cited; Soper v. Town of Greenwich, 48 App. Div. 354, 62 N. Y. Supp. 1111; Magee v. City of Troy, 48 Hun, 383, 1 N. Y. Supp. 24, affirmed 119 N. Y. 640, 23 N. E. 1148; Missano v. Mayor, 160 N. Y. 123, 132, 54 N. E. 744.

We have examined the other matters called to our attention in defendant's brief, but we do not discover reversible error.

The judgment and order appealed from should be affirmed, with costs. All concur; HIRSCHBERG, J., in result.