JOSEPH L. FUGERE *vs.* SAMUEL P. COOK, City Treasurer.

PROVIDENCE—MAY 17, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1) *Municipal Corporations. Notice to City.*

The provisions of Gen Laws, cap. 36, §§ 15 and 16, requiring notice to a town or city of bodily injury or damage to property by reason of defect upon public highways, has no application to an action by an owner of property for damages to his business by reason of negligent delay of the city in constructing a sewer. In such case a compliance with Gen. Laws cap. 36, § 12, is sufficient.

TRESPASS ON THE CASE. Heard on demurrer to declaration, and overruled.

PER CURIAM. The provisions of Gen. Laws cap. 36, §§ 15 and 16, have no application in a case of this kind. This is not a case brought to recover compensation for bodily injury or damage to property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, but is an action, brought by an owner of land, buildings, and place of business abutting upon a public highway, for damages to his business by reason of the negligent delay of the city of Woonsocket in constructing a sewer in said highway.

There is no necessity in such a case for notice to the city under the terms of said section 16; a compliance with Gen. Laws cap. 36, § 12, is sufficient.

The second count of the declaration sufficiently avers that the blasting therein referred to was conducted by or in behalf of the city of Woonsocket.   10 Am. & Eng. Ency. L. 2d ed. 252, and cases cited.

The demurrer must, therefore, be overruled.

*Herbert L. Carpenter,* for plaintiff.

*Erwin J. France,* for defendant.