[No. 8139.  *En Banc.*  February 14, 1910.]

## DOMENICO GIURICEVIC, *Respondent*, v. THE CITY OF TACOMA, *Appellant.*[1]

MUNICIPAL CORPORATIONS — ACTIONS — CLAIMS FOR INJURIES— PLEADING. A complaint in an action against a city for personal injuries fails to state that the claim required by charter provisions was filed with the city council, as against a demurrer, where it merely alleges that the plaintiff caused the city and its officers and agents to be fully informed of the time, place, cause, etc., of the injury.

SAME—NOTICE OF CLAIM—DEFECTS IN STREET—FALL OF POLE. A charter provision requiring claims to be filed with the city council for injuries to the person caused by defects, want of repair, or obstructions in streets, does not apply to a claim against a city for negligently allowing an electric light pole to fall upon a servant of the city grading a street, as the provisions must be strictly construed, and not extended beyond its terms.

SAME—NOTICE OF CLAIM—INJURIES TO SERVANT OF CITY—SAFE PLACE TO WORK. A charter provision requiring notice of claims to be filed with the city council for injuries to the person caused by defects, want of repair, or obstructions in streets, has no application to injuries to a servant of the city injured by reason of the city's failure to furnish a safe place to work; as the city is presumed to have notice of injury to its servants, and the purpose of the provision is to give notice of spurious claims.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 9, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained by an employee through the negligent fall of a pole. Affirmed.

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham,* for appellant.

*Ellis, Fletcher & Evans,* for respondent.

GOSE, J.—This suit was brought to recover for personal injuries. From a verdict and judgment for the plaintiff, the defendant has appealed.

[1]Reported in 106 Pac. 908.

The complaint states that, at the time the injury was received, the respondent was working for the city in grading a street in which the city had placed a large electric light pole; that, in grading, the city negligently caused the earth to be excavated around the pole to such an extent that it was dangerous and liable to fall; that the city had notice of its dangerous condition prior to the injury; that the respondent, at the instance of the city, was working near the pole, filling wagons with gravel, and while so doing, and without any knowledge of its dangerous condition, the pole fell, striking the respondent and inflicting upon him a permanent injury. The complaint further states:

"That immediately after said injury, plaintiff caused the city of Tacoma and its officers and agents to be fully informed of the time, place, cause, nature, and extent of his said injury, and the said city of Tacoma and its officers and agents immediately investigated said injury and the cause thereof and the extent of the same."

The appellant demurred to the complaint on the ground, among others, that it does not state facts sufficient to constitute a cause of action. The demurrer being overruled, issue was joined, and the case tried to a jury with the result stated.

The case is brought here on the record, and the single question presented is, whether the complaint states a cause of action. Section 215 of the revised city charter of the city of Tacoma provides:

"All claims for injuries to the person, alleged to have been caused or sustained by reason of defects, want of repair or obstruction of any of the highways, streets, alleys, sidewalks, or crosswalks of the city, shall be presented in writing to the city council within thirty days after such injuries shall be alleged to have been received. Such writing shall state the time, place, cause, nature, and extent of the alleged injuries so far as practicable, and shall be verified by affidavit of the claimant to the effect that the same is true. The omission to present any such claim in the manner or within the time

in this section provided shall be a bar to an action against said city therefor."

The appellant first urges that the complaint is subject to a demurrer because it does not state that the claim was presented to the city council. The respondent contends that, whilst the complaint may have been defective as against a motion to make it more definite and certain, as to a demurrer every reasonable intendment and presumption should be indulged to support it, and that when this is done it sufficiently appears that notice was given to the city council. We grant the rule of liberal interpretation, but with this indulgence we do not think the complaint states that notice was given to the city council. It was a simple matter to plead the notice, if it had in fact been given. The complaint has the appearance of a studied effort to avoid, rather than to state, the giving of the notice to the council.

The respondent next contends that the injury did not result from any defect, want of repair, or obstruction in the street as a place of travel; that the fact that the injury happened in the street is a mere incident, and that the charter provision is inapplicable. We think this view must prevail. The giving of a notice to the city or its governing body upon claims for injuries by tort is not necessary as a condition precedent to an action thereon against the municipality, unless expressly required by statute or charter. 28 Cyc. 1447. A charter or statute requiring a notice or presentment of a claim, as a condition precedent to the commencement of an action, requires a strict construction, and cannot be extended by implication beyond its terms. 28 Cyc. 1450.

In *Pye v. Mankato*, 38 Minn. 536, 38 N. W. 621, the complaint charged the city with liability on account of the raising of the grade of certain streets so as to form embankments obstructing a water course which crossed the same, by reason of which, and because the gutters provided for carrying off the water were insufficient for that purpose, water was collected and discharged upon the plaintiff's premises.

There was a special statute which provided that no action could be maintained against the city of Mankato "on account of any injury received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury; nor unless notice shall have first been given in writing to the mayor of said city within thirty days, of the occurrence of such injury or damage, stating the place where and the time when such injury was received." The complaint did not show a compliance with the statute, and was demurred to for that reason. The court held that the word "defect" had reference to the usefulness and safety of the streets for the purposes of travel, but that it did not include injuries resulting to adjacent property from conditions which did not render the street defective as such, and that the injury "had no natural or necessary relation to the fact that the places where the alleged acts were done were public streets."

In *Moran v. St. Paul,* 54 Minn. 279, 56 N. W. 80, the complaint alleged that the property adjoining the street had been injured by water escaping from a defective water pipe in one of the public streets. There was no averment in the complaint that a written notice of the plaintiff's claim for damages had been served upon the mayor or city clerk, as required by the defendant's charter, and it was urged upon demurrer to the complaint that a cause of action was not stated. The court held that the words in the charter, "any defect in the condition of any . . . street." referred to "their usefulness and safety for the purpose of travel."

In *McIntee v. Middletown,* 80 App. Div. 434, 81 N. Y. Supp. 124, the plaintiff was injured by the caving of the dirt while digging a trench for a sewer in a street in the city. The court, in holding that the charter provision requiring notice to be served on the common council did not apply, said: "and the mere fact that this sewer happened to be in the highway does not bring it within the letter or the spirit of the provision of the charter."

The respondent next contends that the charter does not require or contemplate the presentation of claims arising from the failure of the city to furnish its servant a reasonably safe place in which to work. This question received consideration in *Kelly v. Faribault*, 95 Minn. 293, 104 N. W. 231, where the plaintiff was injured while at work in a trench in a public street. It was charged that the trench was defective in its construction and was not properly braced, by reason of which the loose earth fell upon and injured the plaintiff. The plaintiff did not serve notice as provided by law for injuries resulting from a defective street. The court held that the law requiring notice to the city had no application to its duty as a master to furnish its servant a reasonably safe place in which to work; that the purpose of the law requiring notice was to give the municipality an opportunity to investigate and protect itself against fictitious claims. We think that, while the claim in the instant case is within the letter, it is clearly without the spirit of the charter provision. In arriving at the intent of a law it is proper to consider the mischief sought to be met. Clearly the purpose of the notice is to enable the city to protect itself against spurious and fraudulent claims. In this case the reason for the notice is absent, for it must be presumed that the city had notice of the injury to its servant. *Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025, is distinguishable. The charter of the city of Seattle required "all claims for damages against the city" to be presented.

The judgment will be affirmed.

FULLERTON, CHADWICK, DUNBAR, MOUNT, CROW, and PARKER, JJ., concur.