## JULIA GAUSTAD v. CITY OF ENDERLIN.

,(137 N. W. 613.)

**Municipal corporations — injuries to abutting property — right of action — damages.**

1. A claim for damages, based on injuries to abutting property occasioned by and during the construction of a street grade on the street adjacent to said property, is not such a claim as is enumerated in §§ 2703 and 2704, Revised Codes 1905, and on such a cause of action it is not necessary that the complaint show the filing with the city auditor of a claim for damages, with an abstract of the particulars thereof, mentioned in §§ 2703 and 2704.

**Municipal corporations — injuries to abutting property — action against city —complaint.**

2. Complaint examined and *held* not to state a cause of action.

Opinion filed August 17, 1912.

---

Note.—On the question of the necessity of written notice as to defect as condition of liability of municipal corporation for injuries due to the positive act of its officers or servants, see note in 23 L.R.A.(N.S.) 282. See also note in 103 Am. St. Rep. 280. And for statutes requiring presentation of claims against municipality, see note in 55 Am. St. Rep. 204.

As to the liability of a municipal corporation for damming back surface water by grading of streets, see notes in 29 L.R.A.(N.S.) 126, and 30 Am. St. Rep. 390.. And upon the liability for injuries to adjacent property by grading streets, see note in 34 Am. St. Rep. 847.

Appeal from the District Court of Ransom county; *Allen,* J., from an order sustaining a demurrer to plaintiff's complaint.

Affirmed.

*Curtis & Curtis,* of Lisbon, for appellant.

*C. G. Bengert,* of Enderlin, for respondent.

Goss, J.   The issues presented on this appeal arise on a demurrer to plaintiff's complaint.   The complaint recites that the defendant is a municipal corporation; that plaintiff is the owner of certain property therein, consisting of two lots upon which "plaintiff had her residence, garden, lawn, well, trees, and other improvements, and where she lived and resided with her family.   That during the summer and up to the 1st day of October, 1911, the defendant, the city of Enderlin, constructed, cut, kept up, and maintained a certain grade on the street in front of said premises, which grade or street was constructed or graded to a height of from 5 to 6 feet higher than the grade to plaintiff's said property, and causing a certain ditch on the side of the street next adjoining plaintiff's property; and in the construction of said grade threw up and maintained and kept embankments along the center of said street from 5 to 6 feet higher than the grade of plaintiff's property; and also constructed and kept up upon streets adjacent to the plaintiff's property several culverts and drains, by reason thereof the waters falling on the said adjacent property and on said grade were flown down and upon the property of the plaintiff, carrying mud, gravel, and *debris* thereon, overflowing, injuring, polluting, and making unwholesome the plaintiff's premises and destroying her trees, grass, and lawn, and occasioning great damage and loss in value of her property in the sum of $1,500."   Then follows a demand for judgment "for the abatement of said ditch, culverts, and embankments, and for her damages in the sum of $1,500."   To this complaint the city demurred on the grounds:   (1) That said complaint does not state facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the subject of the action, for the reason that the plaintiff fails to allege and plead the filing of a claim and abstract as provided in §§ 2703 and 2704 of the Revised Codes of 1905.

As the second ground of demurrer goes to the maintenance of the action, irrespective of the sufficiency of the complaint to state a cause

of action, we will treat the questions in inverse order and pass upon the necessity of the filing of a claim for damages and abstract of facts upon which the claim is based, under §§ 2703 and 2704, Revised Codes 1905.

The question is whether these provisions of the statute apply to an action for damages brought by an abutting property owner for consequential damage resulting from flowage of waters which are, because of the construction of a street on the change of a grade in a street, thrown or precipitated upon, together with mud and *debris,* the abutting property. Do the provisions of §§ 2703 and 2704 have reference to claims for damage so arising? From a casual reading of the statute, one might be lead to conclude that § 2704 in particular would cover claims of this kind and bar action against the city, unless, as therein provided, plaintiff "shall plead and prove the file of such claim and abstract," required in § 2703; but we are convinced to the contrary, and that these statutory provisions have no reference to such damages as are sought in this case.

The statute was drawn with reference to claims against cities for damages arising from travel thereon, or the use of the streets by the public for the purposes to which they are as public streets dedicated and generally used, and claims founded upon some breach of duty on the part of the municipality in failing to maintain its streets in a fit condition for such public use. The statute reads: "All claims against cities for damages or injuries alleged to have arisen from the defective, unsafe, dangerous, or obstructed condition of any street, crosswalk, sidewalk, culvert, or bridge of any city, or from the negligence of the city authorities in respect to any such street, crosswalk, sidewalk, culvert, or bridge, shall, within thirty days from the happening of such injury, be filed in the office of the city auditor, signed and properly verified by the claimant, describing the time, place, cause, and extent of the damages or injury, and the amount of damages claimed therefor," together with other provisions covering the case of inability of the complainant, because of injuries, to file such claim, and providing that then the time shall be extended, or that in case of death of the person injured the statement may be filed by any person having knowledge of the facts. Section 2704 provides: "No action shall be maintained against any city as aforesaid for injury to person or property, unless it appears that the claim for which the action was brought was filed in the office of the

city auditor as aforesaid, with an abstract of the facts out of which the cause of action arose, duly verified by the claimant, and that the city council did not, within sixty days thereafter, audit and allow the same; . . . and no action shall be maintained unless the plaintiff therein shall plead and prove the filing of such claim and abstract as hereinbefore provided." Section 2705 provides: "No action shall be maintained upon any claim mentioned in § 2703, unless the same shall be brought within six months after the filing of the claim therefor, in the office of the city auditor, as hereinbefore provided." For necessity, and particularly as to form of claim and when to be filed, consult Coleman v. Fargo, 8 N. D. 69, 76 N. W. 1051; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Johnson v. Fargo, 15 N. D. 525, 108 N. W. 243; Wells v. Lisbon, 21 N. D. 36, 128 N. W. 308. This legislation originated with chapter 31 of the Session Laws of 1893, in which, instead of § 2705, and the part of § 2704 requiring the pleading as a part of the complaint, the prior filing of such claim and abstract, there was contained in § 4 of said chapter the following: "It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim, either for injury to person or property, that it had not been presented to the mayor and common council of such city in the manner herein described for audit and allowance within said sixty days as aforesaid." And § 1 of said act provided that the mayor and common council should constitute a board of audit for cities. It so remained until by the Session Laws of 1905 the law was changed to its present form, and § 2705, corresponding to § 4 of the act of 1893, was expressly limited in application to claims arising under § 2703. By amendment the act excluded "any demand or claim," and limited the application of the statute to those claims covered by § 2703 only. And from its terms § 2703 applies only to claims caused by a defective or obstructed condition of any street or crosswalk, culvert, or bridge, or from the negligence of the city authorities in respect thereto, arising because of or during its use as a street or sidewalk, or from its obstructed condition as a street or thoroughfare. This § 2703 has no reference to injuries to abutting property, because of the construction of the street or the obstructed condition of it or of obstructions in any culvert or bridge. Section 2704 in terms limits its provisions to those claims to be asserted under § 2703, by the words, "as aforesaid," in the first

23 N. D.—34.

sentence thereof: "No action shall be maintained against any city as aforesaid for injury to person or property" without the claim having prior thereto been filed. And again the succeeding section, 2705, limiting to six months after the filing of the claim the time within which suit on such claims must be brought, in explicit terms refers particularly and solely to § 2703. The entire act is harmonious when so construed. Besides, as an additional reason for such construction, we find the rule to be that a strict construction of such statutes is always adopted. We quote from 28 Cyc. 1450: "Such charter or statutory provisions, so far as the requirement of a notice or presentment as a condition precedent is concerned, are in derogation of common right, and should be strictly construed, and cannot be extended by implication beyond their own terms. . . . It has been held that the requirement of a prescribed notice of presentation does not apply where the injury is caused by a nuisance; nor to a suit in equity for relief from continued wrongful acts in the nature of a trespass, although there is also involved a demand for damages in the past; nor to injuries sustained by reason of a breach of municipal contract or repair, nor to injuries received in a city where the statute applies to towns only." For cases supporting our holding, see Pye v. Mankato, 38 Minn. 536, 38 N. W. 621; Maylone v. St. Paul, 40 Minn. 406, 42 N. W. 88; Ray v. St. Paul, 44 Minn. 340, 46 N. W. 676; Moran v. St. Paul, 54 Minn. 279, 56 N. W. 80; McIntee v. Middletown, 80 App. Div. 434, 81 N. Y. Supp. 124; Brown v. Salt Lake City, 33 Utah, 222, 14 L.R.A.(N.S.) 619, 126 Am. St. Rep. 828, 93 Pac. 570, 14 Ann. Cas. 1004; Giuricevic v. Tacoma, 28 L.R.A.(N.S.) 523, and case note (57 Wash. 329, 106 Pac. 908). For a discussion of this subject and the various statutes, see 4 Dillon on Municipal Corporations, 5th ed. §§ 1613, 1614 and note, from page 2818 of which we quote: "Statutes imposing special limitation on claims against cities, or requiring notice of claims for injuries received from any defect, or want of repair, or obstruction of any street or highway, have in some cases been construed as applying only to causes of action growing out of defects in public ways as such, and with regard to their usefulness and safety for purposes of travel, and as having no application to claims arising from other causes, e. g., from injuries or damages sustained in the construction of the street." Most, if not all, the states have similar statutes, their application to depend upon their terms. Some are broad

and cover all claims against municipalities; some are like ours, limited to claims arising from travel on streets from their defective condition. We are satisfied that the statute in question was not intended to have reference to actions such as this for consequential damages to abutting property arising from public improvements, but should be limited to claims clearly within its terms. This ground of demurrer is not well taken.

As to whether the complaint states a cause of action, we conclude that it does not, and that on this ground it is subject to demurrer. It charges the maintenance during the summer and up to October 1st of a certain grade on the street in front of plaintiff's premises, and the causing of a certain ditch on the side of the street adjoining plaintiff's property, and that in the construction of said grade certain embankments were thrown up, and that during said time certain culverts and drains were constructed and kept up upon streets "adjacent to plaintiff's property;" and that by reason thereof surface waters were caused to flow upon plaintiff's property to her damage described. It is to be noted all the damage is consequential only, and arises from the flowage of surface water, and upon this subject an irreconcilable conflict of authority exists; hence we refrain from any extended discussion of this question. The complaint, as we construe it, relates to matters wholly in the past, and to injuries that arose from the flowage of surface water during the construction of a street grade in front of plaintiff's property. It is not charged that defendant city collected surface water and discharged it in one or more places upon plaintiff's property, or diverted the natural flow of surface water to and upon plaintiff's property, or increased the natural flow of water thereon by any act complained of. It does not plead facts establishing a nuisance or from which a nuisance must be inferred. No unauthorized or negligent acts or omissions on the part of the city or its officers are charged, nor are facts plead from which the same can be inferred. The complaint is most indefinite as to wherein any liability to plaintiff arose. And the pleader is dealing with a matter in which distinctions are many and closely drawn between liability and nonliability of municipal corporations to abutting property owners while a municipality is constructing public improvements, to which is added the complicated question of liability of the city to the abutting property owners for temporary or occasional flowage of surface waters during

such construction. We conclude the complaint is so indefinite that it does not state facts sufficient to constitute a cause of action, and that on this ground the trial court properly sustained the demurrer.

The judgment of the trial court is affirmed, with costs. It is so ordered.

SPALDING, Ch. J. (concurring). I concur fully in that part of the foregoing opinion covered by the first paragraph of the syllabus, and concur in the holding that the complaint fails to state a cause of action. I, however, do not wish to be understood as having an opinion that the city might not be liable, if the facts were properly stated. In fact, I am of the opinion that a city is liable for damage done to property in the construction of public improvements like streets, or the raising of grades, and under any of many circumstances the turning of water on to property. And in this case it is altogether probable that a complaint stating the facts fully would state a cause of action. However, in the complaint before us we are left to conjecture or inference as to the facts and the grounds of plaintiff's injury, if any.