McCarty *v.* Town of Mountain View.[*]

(*Knoxville.* September Term, 1916.)

**MUNICIPAL CORPORATIONS. Defects in streets. Notice. Statute.**

Acts 1913, chapter 55, making written notice to the mayor of injuries on account of the negligent condition of a street a condition precedent to suit, and that failure to give notice is a valid defense, has reference to injuries by reason of defects upon a passway, incapacitating it partially or wholly for service, and did not require notice of injury to plaintiff's property, resulting from an overflow of water thereon from an insufficient drain in a public street.

Acts cited and construed: Acts 1913, ch. 55.

Cases cited and approved: Pye v. Mankato, 38 Minn., 536; Moran v. St. Paul, 54 Minn., 279; McIntee v. Middletown, 80 App. Div., 434; Giuricevic v. Tacoma, 57 Wash., 329.

FROM KNOX.

Appeal from the Circuit Court of Knox County.— Von A. Huffaker, Judge.

Charles M. Roberts, for appellant.

A. C. Grimm and K. E. Steinmetz, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

Plaintiff presents the following case: He owns a house within the limits of defendant town, situated

[*]Upon the question of character of claim within meaning of statutes. or ordinance requiring notice or presentation, as a condition of municipal liability, see notes in 28 L. R. A. (N. S.), 533; 50 L. R. A. (N. S.), 174.

on lower ground than Laurens avenue, near to the north. The defendant constructed a drain along the margin of the avenue, by means of which the water, which had been accustomed to disperse over a large area without harm to the plaintiff's property, was gathered, and, because of the insufficient size of the drain, the collected water poured over its edge, in its course running under privy vaults, and carried the water thus collected, and mud and filth, over upon plaintiff's lot, causing sickness to his family, likewise carrying off the soil of his garden, and greatly lessening the value of his property. The trial judge gave a peremptory instruction in favor of the defendant, on the ground that notice had not been given to the mayor of the town, pursuant to chapter 55, Acts of 1913. That act, so far as necessary to quote, reads:

"No suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted, a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted."

Failure to give notice is made a valid defense against any such claim.

The court of civil appeals correctly held that the trial judge committed error in giving a peremptory

McCarty v. Town of Mountain View.

instruction, and remanded the cause for new trial. The expression, "the negligent condition of any street," etc., has reference only to injuries inflicted on persons or property upon such passway by reason of defects therein, incapacitating it partially or wholly for service. It can have no bearing upon the state of facts shown in the present record. A similar result was reached by the supreme court of Minnesota, under a similar statute, in *Pye* v. *Mankato,* 38 Minn., 536, 38 N. W., 621. In that case it appeared that an embankment had been constructed along the side of a street which obstructed and collected flowing water, and insufficient means were employed by the city for its harmless escape, resulting in injury to the plaintiff. It was held, construing a statute similar to our own, that this was not the kind of injury contemplated, of which notice was to be given before suit. In *Moran* v. *St. Paul,* 54 Minn., 279, 56 N. W., 80, the injury alleged was that the plaintiff's property had been injured by water escaping from a defective water pipe in one of the public streets. This was held likewise not to be such an injury as was contemplated in a statute requiring notice. And see *McIntee* v. *Midletown,* 80 App. Div., 434, 81 N. Y. Supp., 124; *Giuricevic* v. *Tacoma,* 57 Wash., 329, 106 Pac., 908, 28 L. R. A. (N. S.), 533.

We are of the opinion, therefore, that the judgment of the court of civil appeals must be affirmed.