TOWN OF FRENCH LICK *v.* TEAFORD ET AL.

[No. 10,798. Filed June 2, 1921. Rehearing denied October 26, 1921. Transfer denied October 24, 1922.]

MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Negligent Construction.*— *Notice to City.*—*Statutes.*— Where defendant city was negligent in making a fill in a street near plaintiff's property, thereby causing a drain under the fill and under plaintiff's property to be stopped up, and causing water, dirt, rock and debris to wash down on plaintiffs' property and into the basement under their house, §8962 Burns 1914, Acts 1907 p. 249, relative to notice to the city of defects in a street resulting in damage to person or property, has no application, and it was not necessary for plaintiffs to aver or prove that the notice required by such statute was given defendant city.

From Washington Circuit Court; *James L. Tucker,* Judge.

Action by Nancy E. Teaford and others against the Town of French Lick. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

VOL. 78—39

*Shirts & Talbott, Mitchell & Mitchell* and *Hottel & Patrick,* for appellant.

*William E. Cox, Bayless Harvey, H. A. Carnes* and *Hottell & Mead,* for appellees.

NICHOLS, J.—Action by appellees against appellant to recover damages to real property alleged to have resulted from defects in the condition of a drain under Spring street in the town of French Lick, Indiana.

The action was begun in the Orange Circuit Court but the venue was changed to the Washington Circuit Court. The cause was tried by a jury, resulting in a verdict for appellees in the sum of $300, upon which verdict, after appellant's motion for judgment *non obstante* and for a new trial were overruled, judgment was rendered. Appellant prosecutes this appeal, assigning as error the court's action in overruling its motion for judgment *non obstante* and its motion for a new trial.

Appellant contends that it was entitled to notice before suit under the provisions of §8962 Burns 1914, Acts 1907 p. 249, and that as no such notice was given this action cannot be maintained, and therefore the judgment must be reversed. There is not much merit in this contention, for it appears that appellees repeatedly complained of conditions to members of the town board, once when they were in session, and that they promised to repair, but failed so to do. We do not understand the theory of the complaint to be that a defective street, in the sense in which that term is generally used, was the occasion of appellees' injury, but rather that appellant was negligent in making a fill in the street near appellees' property thereby causing a drain, that passed under the fill and under appellees' property, to be stopped up, and causing water, dirt, rock and debris to wash down on to appellees' property and into their basement, thereby causing the damages of which appellees complain. It is not a case of a defect

in the condition of a street of which appellant had no notice, but of negligent construction of a fill in a street so as to obstruct a watercourse, and thereby injure appellees' real estate. As we view the case, the statute cited does not apply. Each of the cases cited by appellant involved personal injuries because of a defect in the street itself thereby making travel unsafe. We find no case in Indiana directly in point, but similar statutes have been construed in other states against appellant's contention.

In the State of Minnesota, by Special Laws 1881, §8, Chap. 73, it is provided that: "No action shall be maintained against the City of Mankato on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk or thoroughfare unless such action shall be commenced within one year from the happening of the injury; nor unless notice shall have first been given in writing to the mayor of said city within thirty days of the occurrence of such injury or damage, stating the place where, and the time when, such injury was received, and that the person so injured will claim damages of the city for such injury;" and in *Pye* v. *City of Mankato* (1888), 38 Minn. 536, 38 N. W. 621, it was held that the statute was not applicable to a case in which the raising of a grade of certain streets so as to form embankments obstructing the watercourse which crossed the same, by reason of which, and because of the gutter provided for carrying off the water was insufficient for that purpose, water was collected and discharged upon the plaintiff's premises. The court says that the words "any defects in the condition of any bridge, street, sidewalk or thoroughfare," referred to defects in such public ways or structures as such, and with regard to their usefulness and safety for the purpose of travel.

Other authorities involving similar statutes, and in

harmony with the case above cited are *Moran* v. *City of St. Paul* (1893), 54 Minn. 279, 56 N. W. 80; *Winchell* v. *Town of Camillis* (1905), 109 App. Div. 341, 95 N. Y. Supp. 688; *Marth* v. *City of Kingfisher* (1908), 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238; *Kortendick* v. *Waterford* (1910), 142 Wis. 413, 125 N. W. 945; *Fugere* v. *Cook* (1905), 27 R. I. 134, 60 Atl. 1067; *Short* v. *Spokane* (1905), 41 Wash. 257, 83 Pac. 183; *Giukcevic* v. *City of Tacoma* (1910), 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533.

The object of such a statute as §8962 Burns 1914, *supra,* is to give the municipality opportunity to investigate the claim for injuries alleged to have been sustained while the facts are yet at hand, and that the justice of the claim might be readily ascertained, but where, as in this case, the facts are localized, and still in existence, the reason for notice disappears, and this reason applies with force where as here appellant knew long before the action was begun of the condition, and that appellees were being injured by their negligent construction. It was not necessary to aver or prove notice under the facts in this case. There was some evidence that appellees had tried to protect themselves. It appears that they had cleaned out their sewer three times. The jury were fully instructed as to this element of the case, and it found against appellant. Complaint is made of certain instructions, but, viewed as a whole they fairly state the law of the case, and nothing can be gained by discussing them. A right result was reached, and the judgment is affirmed.