WILLIAMS *v.* CITY OF NASHVILLE.*

(*Nashville,* December Term, 1921.)

1. **MUNICIPAL CORPORATIONS.** Notice unnecessary where city's own negligent acts caused injury.

Where the negligence which resulted in injuries to plaintiff from an obstruction in the street was the act of the city itself, the notice of injury required to be given by Acts 1913, chapter 55, is unnecessary. (*Post, p.* 676.)

Acts cited and construed: Acts 1913, ch. 55.

Cases cited and approved: McCarty v. Town of Mountain View, 136 Tenn., 133; Elrod v. Franklin 140 Tenn., 228; Dunnington v. Columbia,—Tenn.,—; McCarty v. Town of Mountain View, 136 Tenn., 133; Elrod v. Town of Franklin, 140 Tenn., 243; City of Nashville v. Black, 142 Tenn., 397; Hilson v. City of Memphis, 142, Tenn., 620; Lansden v. City of Jackson, 142 Tenn., 651; Thompson v. City of Chattanooga, 143 Tenn., 477; Maness v. Coal Corp., 128 Tenn., 143.

Case cited and distinguished: Hughes v. City of Nashville, 137 Tenn., 177.

2. **MUNICIPAL CORPORATIONS.** Declaration held to allege negligent failure to guard the city's own act.

A declaration, alleging that the work in the street was being performed by the city directly and that a pile of dirt was left there by its own servants, alleges that the negligent failure to guard, as well as the negligent placing in the street, was the act of the city itself. (*Post, pp.* 676, 677.)

---

*On necessity of notice of claim and cause of injury from defects or obstructions in street, see note in 20 L. R. A. (N. S.), 757.

FROM DAVIDSON.

Error to the Circuit Court of Davidson County.—Hon. A. B. Neil, Judge.

B. D. Shriver and J. E. Travis, for plaintiff in error.

Morton B. Adams and J. Washington Moore, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

J. H. Williams, who will be hereinafter referred to as the plaintiff, instituted this suit against the city of Nashville, hereinafter referred to as the defendant, to recover damages on account of injuries received when his buggy was overturned one night by running against and on a pile of dirt which the city had placed in the middle of Lindsley avenue.

The declaration, as amended, is as follows:

"The plaintiff, J. H. Williams, sues the city of Nashville for ten thousand ($10,000) dollars damages, and for cause of action states to the court as follows:

"That before and at the time hereinafter complained of, to wit, on the 19th day of December, 1916, the defendant, city of Nashville, was and is a municipal corporation chartered under the laws of Nashville, and organized for the purpose of conducting city and municipal affairs of the city of Nashville, Tenn., and that as a part of its obligations and duties to the public it has control of the streets

and sidewalks of the city of Nashville, and especially of keeping sound, safe and suitable for public use and travel, all of the said · public streets, ·sidewalks, crossings and alleys of said city, and particularly of the public·street known as Lindsley avenue, in said city of Nashville, and in the vicinity of the intersection of First Avenue South, and in front of the Old Peabody Campus, South Nashville, and it was the duty of said city to keep said Lindsley avenue at or near said First Avenue South, and in front of said campus, in a safe and suitable condition for public use and travel.

"Said defendant, however, notwithstanding the duty and obligation imposed upon it as aforesaid, failed to keep said Lindsley avenue, a public street in the city of Nashville in a safe, sound and suitable condition for public use and travel, but on the contrary negligently, wrongfully and willfully placed a pile of dirt in or near the center of said public street, at or near the intersection of First Avenue South, and in front of said campus, and said pile of dirt was placed in such a negligent and unsafe manner as to constitute a nuisance and be a danger and menace to pedestrians traveling and passing along said street, and said pile of dirt was so placed and allowed to remain in an unsafe, dangerous and defective condition and an obstruction and a danger for pedestrians of said city of Nashville, and with the knowledge of said city, and was unguarded, unlighted and unprotected and was permitted to remain in said condition after dark, and at the time of the injuries herein mentioned.

"By reason of said wrongful acts of defendant, the plaintiff, J. H. Williams, on the 19th day of December, 1916, while driving along said Lindsley avenue, as he had

a right to do, and while in the exercise of due and reasonable care, his buggy in which he was riding ran into and upon said pile of dirt turning it over, throwing plaintiff violently to the ground and as a result thereof severely injured his left leg and knee, wrenching and bruising his back and neck and otherwise bruising and injuring him and doing him permanent and great bodily injury by reason of which he became sick, sore, lame and disabled, causing him to be confined to his bed for more than a month, incurring doctor's bill as well as other expenses, and since that time he has suffered great pain and agony and still does and will continue to suffer great pain and agony to his damage in the sum of ten thousand ($10,000) dollars.

"The work in said street was being performed by the city directly and the pile of dirt was placed and left in the street by the city's own servants without the medium of any contractor of any kind.

"A written notice of said injury, the time and place where said injury was received, and nature of same was duly served upon the mayor of said city of Nashville within the time as required by law, and although liable said city of Nashville refuses to pay, hence the plaintiff sues and demands a jury to try this cause."

A special plea was filed by the defendant to the effect that notice to the city in conformity with chapter 55 of the Acts of 1913 was not given. While notice was given, it is conceded by counsel for the plaintiff that said notice was not sufficient to meet the requirements of the statute, in that it did not sufficiently describe the nature of the injuries and the place where the accident occurred.

To said special plea the plaintiff interposed the following demurrer:

"The declaration shows on its face that the work had been planned and was being executed directly by the city, through its own direct employees and was not being done through a contractor. This allegation of the declaration is not denied by the pleas, and under the law no notice is required, when the work is planned and is being carried out by the city itself through its own direct employees and servants."

The trial court overruled said demurrer, and, the plaintiff declining to plead further, dismissed his suit.

Upon an appeal the court of civil appeals affirmed the judgment of the circuit court, and was of the opinion that, upon the authority of *Hughes* v. *City of Nashville*, 137 Tenn., 177, 192 S. W., 916, notice was necessary. The court of civil appeals seemed to be of the further opinion that the only negligence alleged in the declaration was that of placing the dirt in the street, and that under the Hughes Case that was not negligence. Upon these questions the court of civil appeals, in its opinion, said:

"The attorney for the plaintiff calls special attention to the fact that it is alleged in the declaration in the instant case that the city of Nashville 'wrongfully placed a pile of dirt in or near the center of said public street, . . . and that said pile of dirt was placed in such a negligent and unsafe manner as to constitute a nuisance,' and that the declaration as amended contains the further allegation that 'the work in said street was being performed by the city directly and the pile of dirt was placed and left in the street by the city's own servants without the medium of any contractor of any kind,' and he insists that these allegations in the declaration take the case out of the rule announced in the authorities above cited and

bring it within the rule announced in the case of *Mc-Carty* v. *Town of Mountain View,* 136 Tenn., 133, 188 S. W., 595, and *Elrod* v. *Franklin,* 140 Tenn., 228, 204 S. W., 298. But the declaration when construed as a whole, shows that the negligence complained of was the fact of a pile of dirt in or near the center of a public street, and that the plaintiff was injured by driving his buggy upon said pile of dirt and turning it over. A municipal corporation like any other corporation can function only through its agents and servants. It is not alleged that any official of the defendant city placed the pile of dirt in the street or that the presence of said pile of dirt was in violation of any ordinance of the city. The injury did not follow as a result from something done by the city in the way and manner that it was intended it should be done in the case of *Dunnington* v. *Columbia* and in the case of *McCarty* v. *Town of Mountain View,* 136 Tenn., 133, 188 S. W., 595, nor as a result of a violation by the city of its own ordinance as in the case of *Elrod* v. *Town of Franklin,* 140 Tenn., 243, 204 S. W., 298. In the case of *Hughes* v. *City of Nashville,* 137 Tenn., 181, 192 S. W., 916, it is said, referring to the city: 'It ordered Farrell to make the excavation, but it did not order him to leave it open and unguarded. His failure in this respect produced a negligent condition of the alley within the meaning of the Act. We therefore think that it was entitled to the notice required by the statute.' So, in the instant case, if the declaration be construed as alleging that the pile of dirt in question was placed in the street by the city itself, the plaintiff was not injured by any negligent act committed by it while placing the dirt in said street, but it was the leaving of the pile of dirt in the street and unguarded that

constituted the alleged negligence. The leaving of this pile of dirt in the street produced a negligent condition within the meaning of the act."

In *Kemp* v. *Blanton* (not for publication) from Shelby equity, which was decided at the present term and in which a manuscript opinion was filed, it was held that notice was unnecessary where the city wrongfully permitted parties to maintain a news stand on the edge of a sidewalk. In that case the court summarized the law of this State as to notice in the following language:

"We think chapter 55 of the Acts of 1913, requiring notice to the city of the injury, applies only to cases where the injury grows out of a negligent defective condition of a street or highway of the municipality, and not to cases where the injury results from an unlawful and dangerous obstruction in the street, which the city authorized. Chapter 55 of the Acts of 1913 is in derogation of the common law, and must be strictly construed."

The foregoing statement is supported by the following decisions of this court: *McCarty* v. *Town of Mountain View,* 136 Tenn., 133, 188 S. W., 595; *Hughes* v. *City of Nashville,* supra; *Elrod* v. *Town of Franklin,* 140 Tenn., 228, 204 S. W., 298; *City of Nashville* v. *Black,* 142 Tenn., 397, 219 S. W., 1043, 12 A. L. R., 453; *Hilson* v. *City of Memphis,* 142 Tenn., 620, 221 S. W., 851; *Lansden* v. *City of Jackson,* 142 Tenn., 651, 222 S. W., 2; *Thompson* v. *City of Chattanooga,* 143 Tenn., 477, 226 S. W., 184.

In *Hughes* v. *City of Nashville,* supra, the city had contracted with one Farrell to lay an alley crossing, and Farrell negligently and carelessly made an excavation which he permitted to remain open without due warning to pedestrians of its presence. The plaintiff walked into said ex-

cavation and received the injuries for which she sued. No notice was given to the mayor of the city as required by chapter 55 of the Acts of 1913. In passing upon the question of notice the court said:

"This court has had the act under review in two cases. The case of *Dunnington* v. *Columbia,* MS. December term, 1915, held that the city of Columbia was not entitled to notice in a case wherein it injured the property of the plaintiff by lowering the grade of a street upon which his property abutted. In the case of *McCarty* v. *Town of Mountain View,* 136 Tenn., 133, 188 S. W., 595, it was held that the city was not entitled to notice where it dug a ditch or drain in such a way that injury resulted to the property of plaintiff because the ditch cast quantities of water thereupon.

"But we are of opinion that this case is distinguishable from the cases last cited. The city is not entitled to notice under the act where the injury complained of is the direct and open result of an act committed by the city itself. In such a case the municipality which is entitled to the notice must know of the injury, and hence notice would be unnecessary. The declaration in this case avers that the negligence which resulted in the injury of plaintiff was the failure of the city's contractor to give due warning of the defective condition of the sidewalk upon which plaintiff was walking. The city had the right to make the excavation, and, if not completed within a day, to leave it overnight. But it should have given warning. Therefore plaintiffs' injury was not the direct and open result of the act of the city. The proximate cause of her injury was the failure of the city and its contractor to give warning of the excavation created in the alley. If proper warning had

been given, plaintiff need not have fallen into the excavation. The municipality may have known that the excavation was there, and it may have known this as a result of its contract with Farrell, but it could not know of the negligence of Farrell in failing to give warning. *Maness v. Coal Corporation,* 128 Tenn., 143, 162 S. W., 1105. It ordered Farrell to make the excavation, but it did not order him to leave it open and unguarded. His failure in this respect produced a 'negligent condition' of the alley within the meaning of the act. We therefore think that it was entitled to the notice required by the statute."

The court held in that case that the city would not be charged with knowledge of the negligence of the contractor in failing to give warning; that the contractor's failure to give warning produced "a negligent condition" within the meaning of the act. In the case under consideration no contractor was involved. Everything complained of was done directly by the city. In the Hughes Case if the city, instead of its contractor, had been constructing said alley crossing and had failed to give warning and plaintiff had been injured on account of such failure, notice to the city would have been unnecessary under the opinion in that case, as well as under the decisions in the other cases cited.

As to the negligence set forth in the declaration, we think to say that the allegations limit the negligence to the act of placing the dirt in the street would be too narrow a construction. A fair interpretation of the declaration is that the city wrongfully placed said dirt in the street and wrongfully permitted it to remain there after dark unguarded, unlighted and unprotected; and that the plaintiff's buggy ran against or upon said pile of dirt

at night and was overturned, and plaintiff was injured. The declaration contains a recital of the facts and of the wrongful acts complained of. Plaintiff does charge that the city was negligent and acted wrongfully in placing said dirt in the street. The declaration does not disclose the circumstances under which this was done. But the plaintiff also complains that after the city had wrongfully and negligently placed said dirt in the street, it committed another wrong by permitting it to remain there after dark "unguarded, unlighted and unprotected." Even though the city was guilty of no wrong in placing the dirt in the street, if it were an obstruction that was dangerous at night when unlighted and unguarded, the city would be liable for the injuries resulting.

So that we are of the opinion that under the allegations of the declaration the city was not entitled to notice under chapter 55 of the Acts of 1913, and it results that the judgment of the court of civil appeals and of the circuit court will be reversed, and the case will be remanded to the circuit court for a trial upon its merits.

The city will pay the costs of the appeal.