# JOHN E. KRUCKER, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas City Court of Appeals, December 18, 1916.

**PERSONAL INJURIES:** Notice to City: Place. A notice to the Mayor required by the statute, of the place of an injury in a city in the following words, was *held* to be insufficient as being too indefinite, viz: "You are hereby notified and informed that the undersigned, John E. Krucker, was injured on the 5th day of January, 1915, by slipping on the ice on the sidewalk on the west side of Twenty-fourth street between Jackson street and Vories street, about six-thirty A. M. Said injury consists of a broken fibula and lacerations and ruptures of the ligaments and muscles in and about the ankle. You are further informed that the undersigned will claim damages on account of the said injury from the city of St. Joseph."

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

REVERSED.

*Charles L. Faust* and *Merrill E. Otis* for appellant.

*R. C. Bell, Sam Wilcox* and *L. E. Thompson* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover damages for injuries received from a fall on one of defendant's sidewalks. He recovered judgment in the circuit court.

The statute (Section 8863, Revised Statutes 1909) requires that in order to maintain an action against a city for personal injuries, the complaining party must give a verified written notice to the Mayor of the city within sixty days of the occurrence for which damages are claimed "stating the place where, the time when such injury was received, and the character and circumstances of the injury."

In this instance plaintiff gave the following notice addressed to the Mayor, the day before the expiration of the time limited:

"You are hereby notified and informed that the undersigned John E. Krucker, was injured on the 5th day of January, 1915, by slipping on the ice on the sidewalk on the west side of Twenty-Fourth street between Jackson street and Vories street about 6:30 a. m. Said injury consists of a broken fibula and lacerations and ruptures of the ligaments and muscles in and about the ankle. You are further informed that the undersigned will claim damages on account of the said injury from the city of St. Joseph."

JOHN E. KRUCKER.

The courts of this, and other States, have rigidly enforced the statute requiring this notice within the time limited; though they have held that a reasonable compliance, with reference to the contents of the notice, considering the object of the law, is all that is necessary.

The object of the statute is to afford the city a designation of the place, so that it may examine it and become informed as to the legality and good faith of the claimant's demand, and of the extent of its own liability. It will be observed that the above notice fixes the place as on the sidewalk on the west side of Twenty-Fourth street, between Jackson and Vories streets. It is not to be denied that ice on sidewalks is an inevitable condition at times during the winter season in this climate. When this condition is general over the city there is no help for it, nor liability because of it. But if it is exceptional and is allowed to become hazardous from other causes than its natural formation, the case is different. If, for instance, it is allowed to form in ridges, or separate raised or uneven surfaces, so as to endanger pedestrians there is liability.

So, therefore, when plaintiff stated to the Mayor that the place of his injury was on ice on the sidewalk on the west side of Twenty-Fourth street between Jackson and Vories, and nothing more, he gave little, or no opportunity for the city to ascertain whether it was at

a place where it would be liable. The least distance stated in evidence between the two streets was four hundred and twenty feet, and a number of residences were between those points. The evidence showed that some of the people had cleared their walks entire, some had done so partially by shoveling out a pathway, and others had done nothing, and that at the latter places, and points where no one lived, pedestrians had walked in the slush which left uneven places at points along the walk, and which, when frozen into ice, was rough and dangerous.

Naming the place as between two streets over four hundred feet apart would not be fatal looseness of description, if plaintiff had stated something more which would have served as a guide to the city when it came to examine. The notice shows on its face that it was given fifty-nine days after the occurrence, when all evidence of ice or snow had disappeared. Now suppose that the notice had stated some point at, or near which, th injury occurred, not necessarily by feet and inches, but with reasonable accuracy; the city, it may be, could have learned the walk was not in the condition asserted and that there was no liability.

Plaintiff has cited us to many cases where the place stated in the notice was on the sidewalk between two streets; but in most of these, there was something else which had the effect to locate the place and afford the city something definite enough to be a guide to investigation. Thus, in City of Lincoln v. O'Brien, 56 Neb. 761, the place was stated to be between two points quite a distance apart, but it was definitely designated as a hole in the sidewalk into which the injured party could step, and the case showed there was but the one hole between the points. There will be found in that case several instances given which bear out the distinction we are endeavoring to state, among others, is Lowe v. Clinton, 133 Mass. 526, where the distance between the two points mentioned was fifty rods; but the notice pointed out that the cause of the injury was a stump projecting four inches above the walk, and there was

but one stump between the points. So in Meyer v. Tono-wanda, 183 N. Y. 338, a "decayed and defective portion of the sidewalk," marked the place. And in Werner v. City of Rochester, 77 Hun, 33, "a pile of dirt" on which the complainant was hurt identified the spot. While we do not wish to be understood as saying we would, or would not, go so far as did the court in Purdy v. City of New York, 193 N. Y. 521, and Cronin v. Boston, 135 Mass. 110, yet those cases can be read with profit, on the necessity for a notice which will meet the object of the statute.

The cases in the courts of appeals in this State have followed Reno v. City of St. Joseph, 169 Mo. 642. In that case, in the respect here considered, the notice is not set out, but the object of the statute is declared in general terms by the statement that it should be substantially complied with. And in Walker v. City of New York, 134 N. Y. Supp. 689, is found a good illustration of the difference between a good and a bad notice.

None of the cases cited by plaintiff from the courts of this State meet the defective character of notice given in this one. The judgment must be reversed. All concur.