MARY K. HILSON *v.* CITY OF MEMPHIS.

(*Nashville.*   December Term, 1919.)

1. MUNICIPAL CORPORATIONS.   Written notice to city of plaintiff's injuries held insufficient.

Written notice to city that plaintiff "was very badly hurt" *held* insufficient under Acts 1913, chapter 55, requiring such notice to state "the general nature of the injury inflicted." (*Post, pp.* 629, 630.)

Acts cited and construed:   Acts 1913, ch. 55.

Cases cited and approved:   Spear v. Westbrook, 104 Me., 496; Tattan v. Detroit, 128 Mich., 650; Oesterreich v. Detroit, 137 Mich., 415; Wood v. Stafford Springs, 74 Conn., 437; Burnette v. St. Joseph, 112 Mo. App., 668; White v. Nashville, 134 Tenn., 688; McCarty v. Town of Mountain View, 136 Tenn., 133; Hughes v. City of Nashville, 137 Tenn., 177.

Cases cited and distinguished:   Goodwin v. Gariner, 84 Me., 278; Graves v. Waitsfield, 81 Vt., 84.

2. MUNICIPAL CORPORATIONS.   Dismissal of personal injury action against city for insufficiency of written notice held proper.

Dismissal of action against city for injuries causes by defective manhole cover for plaintiff's failure to have given city sufficient written notice of injury under Acts 1913, chapter 55, *held* proper as against contention that no notice was necessary in such case, where the evidence failed to show whether the defect was a latent one or a patent one, or whether cover was defective at time manhole was constructed or had become defective by reason of a blow it had sustained, or how long defect had existed prior to accident. (*Post, p.* 630. )

3. MUNICIPAL CORPORATIONS.   When written notice to city of injuries sustained is not necessary.

In order to relieve injured person from the necessity of giving the written notice to city required by Acts 1913, chapter 55, it must

Hilson v. City of Memphis.

appear that the injury complained of was the direct and proximate result of an act committeed by the city itself, such as maintaining an obstruction in the street, etc. (*Post, pp.* 630, 631.)

4. MUNICIPAL CORPORATIONS. Insufficiency of written notice to city of injuries not waived by physician's examination and report to city attorney.

City did not waive defect in written notice of injuries repuired by Acts 1913, chapter 55, by having a physician examine plaintiff and submit written report of plaintiff's injuries and condition to city attorney prior to the trial. (*Post, pp.* 631, 632.)

Acts cited and constructed: Acts 1913, ch. 55.

Cases cited and approved: Reid v. Kansas City, 195 Mo. App., 457; City of Rushville v. Morrow, 54 Ind. App., 538.

5. MUNICIPAL CORPORATIONS. Evidence held to sustain finding that city had no notice of defect in manhole cover.

In action against city for injuries from defective manhole cover constituting a part of sidewalk, evidence *held* to sustain finding that city had neither actual or constructive notice of the defect in the sidewalk or manhole, in that it failed to show to what defect was due and for how long it had existed or that it could have been discovered by inspection. (*Post, p.* 632. )

6. MUNICIPAL CORPORATIONS. Plaintiff injured from defect not caused by city's negligent construction has burden of showing knowledge of defect by city.

In action against the city for injuries caused by defective manhole cover, where it did not appear that the defect was due to the negligent construction of the sidewalk or manholde by the city, plaintiff had the burden of proving that the city had actual or constructive knowledge of the defect. (*Post, p.* 632.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—
Hon. H. M. LAUGHLIN, Judge.

L. T. FITZHUGH, for plaintiff.

W. P. ARMSTRONG and E. B. KLEWER, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

An action of damages instituted in the circuit court of Shelby county by Mary K. Hilson against the city of Memphis for personal injuries sustained by her by reason of falling through a manhole in the sidewalk at or near the corner of Walker and Bellevue avenues in said city.

Upon the trial in the court below, at the conclusion of plaintiff's proof, the defendant moved the court for a directed verdict in its favor upon the ground that the written notice served upon the mayor of the city, T. C. Ashcroft, notifying the city of the accident and injuries sustained, was insufficient as a matter of law because it did not contain a statement of the nature and extent of the plaintiff's injuries, and upon the further ground that the city had neither actual nor constructive notice of the defect in the sidewalk or manhole. This motion was sustained by the trial judge, and a judgment was entered dismissing plaintiff's suit. From this judgment plaintiff appealed to the court of civil appeals, after her motion for a new trial had been overruled. That court affirmed the judgment of the trial court, and the case is now before this court upon the plaintiff's petition for a writ of *certiorari*.

The plaintiff's declaration averred, in substance, that on the 22d day of February 1917, she was walking north along Bellevue avenue near a point where said street intersects with Walker avenue in the city of Memphis, when she fell or was thrown down by stepping on the cover of a manhole in the sidewalk of said street which was negligently allowed to become defective by the city, and to remain in a defective and dangerous condition, and which gave way with her, causing her to fall into the manhole and to sustain serious bodily injuries.

The defendant filed pleas of the general issue and contributory negligence, and also the further special plea that the plaintiff failed to serve on the mayor of the city a written notice setting forth the time and place of said alleged injury and the general nature thereof within ninety days after its alleged inflictions, as provided by chapter 55 of the Public Acts of 1913.

Upon the trial the plaintiff offered evidence tending to show that on February 22, 1917, while she was walking north on Bellevue avenue in the city of Memphis, she stepped upon the cover of a manhole near the northwest corner of Walker and Bellevue avenues; that as she stepped on the cover of the manhole, which was constructed of iron, it broke in two or gave way, thereby precipitating her into the opening, and as a result of which she was painfully injured. She offered proof further tending to show that this manhole and cover thereto were laid flush with the sidewalk, and constituted a part of the sidewalk, and that there was nothing about it to warn her of the defective and dangerous condition of said cover.

The plaintiff further proved that on February 24, 1917, two days after the accident, she caused the following notice to be served upon the mayor of the city, Mr. T. C. Ashcroft:

"Memphis, Tenn., Feb. 24, 1917.

"Hon. T. C. Ashcroft, Mayor, City Hall, City

—Dear Sir: On Thursday, February 22d, my aunt, Miss Mary K. Hilson, was walking on Walker avenue, and stepped upon the iron covering of a manhole in the sidewalk, at the northwest corner of Bellevue and Walker avenue. This manhole cover gave way, and Miss Hilson was very badly hurt.

"In Miss Hilson's behalf, I am now serving notice upon you that she will require payment of compensatory and punitive damages. This accident was caused by the gross negligence of the city authorities. I am giving you this notice in order that you may take such steps as you may see fit toward investigating the accident.

"If you care to communicate with me or with Miss Hilson, you may do so.

"Kindly transmit this letter to the proper department of the city government.

"Yours very truly.

"[Signed] Russell B. Kennedy."

Russell B. Kennedy, the same person who signed the notice to the mayor, and who was introduced as a witness on behalf of the plaintiff, testified that immediately after the plaintiff was injured he went to the scene of the accident and examined the manhole and the manhole cover, and found that the cover was broken into and was lying on the bottom of the manhole.

It is insisted by plaintiff (appellant here) that the court of civil appeals erred:

(1) In holding ,as a matter of law, that the written notice of the injury which plaintiff caused to be served upon the mayor of the city was insufficient, because it did not meet the requirements of chapter 55 of the Acts of 1913, and in sustaining the action of the court below in directing a verdict in the defendant's favor.

(2) That the court of civil appeals erred in not holding that under the facts of the case defendant waived any defect in said notice, if, in fact, it was materially defective.

(3) That the court of civil appeals erred in sustaining the trial court's holding that under the facts proven, as a matter of law, the defendant had neither actual nor constructive notice of the defect in, or the unsafe condition of the manhole cover.

(4) That the court of civil appeals erred in holding that, under the facts proven, it was necessary for the plaintiff to prove actual or constructive notice on the part of the defendant of the defect in, or unsafe condition of, the street or manhole cover, or that it was necessary to serve on the mayor of said city the written notice required by chapter 55 of the Acts of 1913.

(5) That the court of civil appeals erred in failing and refusing to hold that, under the facts proven, the city must be presumed to have had notice of the defective manhole cover, which the city itself placed over the manhole in the street constructed, owned, and controlled by it.

Section 1 of chapter 55 of the Acts of 1913 is as follows:

142 Tenn.—40.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless, within ninety days after such injury to the person or property has been inflicted, a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted. The failure to give the notice prescribed in this act within the time set out shall be valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway; and provided, further, that proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act."

It will be noted that this act provides: "No suit shall be brought against any municipal corporation . . . unless within ninety days after such injury . . . a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted."

It is the contention of the city that the notice given by the plaintiff to the mayor did not give "the general nature of the injury inflicted," and is not, therefore, a substantial compliance with the provisions of said act, and was insufficient.

It will be noted that, while the written notice of February 24, 1917, does state the time when and the place where said injury was sustained, it does not undertake to describe the injury, nor does it say anything whatever about the nature of such injury. It simply states that the plaintiff "was badly hurt." The question is: Was this a sufficient compliance with the statute?

This exact question has never been before this court for decision; but substantially the same question has been before the courts of last resort in other jurisdictions.

In *Spear* v. *Westbrook,* 104 Me., 496, 72 Atl., 311, 20 L. R. A. (N. S.), 804, it was held that a notice to a municipal corporation of an injury through its alleged negligence, stating that the injured person sustained an injury to his person, badly bruising himself, and sustaining other bodily injury of a serious nature, did not comply with a statute of said state requiring the notice to specify the nature of the injuries.

In *Goodwin* v. *Gardiner,* 84 Me., 278, 24 Atl., 846, it was held that a notice describing the plaintiff's injuries as "severe bodily injuries" was not a sufficient compliance with the statute. In its opinion in that case the court said:

"The statute requires more than a bare statement that a bodily injury was received. The nature of the injury must be stated. . . . It would have been more natural for the plaintiff, if really injured severely, to state how and to what extent the injury affected him, whether upon the head or back, upon his arms or legs, and whether general or particular. The assertion is that he met with injuries, and not one of them is named. No kind of

injury is either included or excluded by the notice. One object of the statute requiring notice within fourteen days after an injury is alleged to have been received is that the injured person shall thus early commit himself to a statement of his condition when he would be more likely to describe it frankly and fairly than at a later period. There is a great temptation to magnify and exaggerate such personal injuries, and the town is entitled to as particular a notice as can reasonably be given.''

In *Tattan* v. *Detroit*, 128 Mich., 650, 87 N. W., 894, it was held that a provision of a municipal charter requiring notice as to the nature of an injury is not satisfied by a statement that compensation is claimed for ''damages sustained by me by reason of personal injuries received . . . by my falling on a defective sidewalk.''

In *Oesterreich* v. *Detroit*, 137 Mich., 415, 100 N. W., 593, it was held that such a charter provision is satisfied by a statement that ''the injury suffered was a severe wrench, sprain, and bruise of the hip, and back, together with other internal injuries.''

In *Wood* v. *Stafford Springs*, 74 Conn., 437, 51 Atl., 129, it was held that the requirement that the notice shall contain ''a general description of the injury'' is complied with by a statement that one was ''greatly injured, in that the back of his head was badly cut and bruised, and he was injured internally.''

In *Burnette* v. *St. Joseph*, 112 Mo. App., 668, 87 S. W., 589, it was held that such statutory requirement is sufficiently complied with by a statement that one's ''left limb [was] severely and permanently injured at the knee, and hip; at the same time her side and abdomen

were severely . . . bruised and wounded, causing severe painful and permanent injuries to her stomach and digestive organs.''

In *Graves* v. *Waitsfield,* 81 Vt., 84, 69 Atl., 137, the statute required the notice to state ''the part of the body injured . . . together with the extent and effect of the injuries upon the health of the person injured.''

It was held that the statute did not require an accurate diagnosis of one's injuries to be given, but is satisfied by a description of its character as one understands it. The following description was held sufficient:

''A severe cut and bruise on the back of my head and my head was otherwise injured; my left hip was bruised and made sore and lame. I was hurt and made lame through my chest and bowels; and I was badly jarred and shaken up, and bruised so that my whole body was badly affected and my nervous system was injured.''

We are of the opinion that the notice which was given to the mayor in the instant case was insufficient as a matter of law, for the reason that it gave the defendant no notice whatever of the nature of the plaintiff's injuries, and was not a substantial compliance with chapter 55 of the Acts of 1913.

It is insisted by the plaintiff, however, that in this case no notice was necessary inasmuch as the plaintiff's injury was due to a defect in the original construction of the street by the city itself, and that the case, therefore, falls within the rule announced by this court in the cases of *White* v. *Nashville,* 134 Tenn., 688, 185 S. W., 721, Ann. Cas., 1917D, 960; *McCarty* v. *Town of Mountain View,* 136 Tenn., 133, 183 S. W., 595, and *Hughes* v. *City of Nashville,* 137 Tenn., 177, 192 S. W., 916, in which

cases it was held that a municipality need not be given the notice required by chapter 55 of the Acts of 1913, where the injury complained of is the direct result of an act committed by the city itself. It is insisted by counsel for plaintiff that the city, having constructed this manhole in the sidewalk of the street, knew, or should have known, of the defect in the cover of the manhole.

A sufficient answer to this insistence is that the evidence fails to show whether the defect was a latent one or a patent one. The evidence simply shows that the cover broke in two. The evidence fails to show whether the cover from the manhole was defective at the time the manhole was constructed, or whether it had become defective by reason of a blow that it had sustained, or in what way it became defective. Nor does the evidence show how long the cover had been defective prior to the accident resulting in injuries to the plaintiff.

We are of the opinion that, in order to relieve the injured person from the necessity of giving the notice required by the act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction in the street, etc.

It is next insisted that the city waived any defect that existed in the notice, because the city had a physician, Dr. B. F. Turner, to examine the plaintiff some time before the trial of the case,, which was in November, 1919, and that Dr. Turner made a written report of the plaintiff's injuries and condition to the city attorney. It is insisted that this report gave the city attorney full information in regard to the extent of the injuries sustained by the plaintiff, and by receiving such report the

city waived any defect which existed in the notice served upon the mayor.

We think this question is decided adversely to the plaintiff in the case of *White* v. *Nashville,* supra.   In that case this court said:

''The next, and final, question to be considered under plaintiff's assignment of errors is her insistence that her replication disclosed a waiver by the city of the notice required by chapter 55 of the Acts of 1913.   We think this position is unsound.   The act does not require verbal notice, nor is there anything in the act indicating that verbal notice would suffice, nor does the act require notice to the city attorney, or the special agent of the city law department, and there is no indication in the act that its terms are to be met by showing such employees of the city the place where plaintiff's injuries were sustained, and the particular defect in the street, and telling them how the injury occurred.   On the other hand, the act requires a written notice, and that it shall be served upon the mayor, and that it shall state the time and place where the injury was received, and the general nature of the injury inflicted. The purpose of this requirement was that there might be, in the office of the mayor, a written record of the plaintiff's claim.   The act requires the notice to be given within ninety days after the injury.   The purpose of this requirement is manifest, and in all respects reasonable. It was not within the power or authority of the city attorney or special agent to waive the notice required by the act.''

To the same effect is the holding of the court in the case of *Reid* v. *Kansas City,* 195 Mo. App., 475, 192 S. W.

1047, and also in the case of *City of Rushville* v. *Morrow,* 54 Ind. App. 538, 101 N. E., 659.

We are also of the opinion that the court of civil appeals did not commit error in sustaining the trial court's finding that the city had neither actual nor constructive notice of the defect in the sidewalk or manhole. This was one of the grounds upon which the trial court directed a verdict. There was no proof offered by the plaintiff tending to show that the defect in the manhole cover would have been revealed by an inspection of it. The evidence failed to show to what the defect in the cover was due, whether it was caused by a blow or a defect in its construction, and the evidence failed to show how long it had been defective, whether many days or one hour before the plaintiff's injuries. The burden of proof was on the plaintiff to show that the city had actual or constructive knowledge of the defect; it not appearing that the defect was due to the negligent construction of the sidewalk or manhole by the city.

We find no error in the judgment of the court of civil appeals. The petition for the writ of *certiorari* is therefore denied, with costs.