## LUVINIA SNEED v. CITY OF MEMPHIS.

Western Section. November 26, 1927.

No petition for Certiorari was filed.

1. **Municipal corporations. Notice. The giving of notice is a condition precedent to plaintiff's right to maintain a suit against a city for injuries sustained because of the negligence of the city.**
   In an action to recover for personal injuries sustained because of tripping and falling over a rut in a city street, held that it was necessary for the plaintiff to give the statutory notice to the city before she could maintain her suit.

2. **Municipal corporations. Notice. Statutory notice waived only in those cases where the city has itself placed the obstruction which caused the injuries.**
   In order to relieve the injured person of the requirement of notice under the act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction which it placed in the highway.

3. **Municipal corporations. Notice. Test for requiring notice stated.**
   The test as to whether notice under the Acts of 1913 is required is not whether the action is based on negligence or nuisance but whether the injuries resulted directly and proximately from some wrongful act committed by the city itself. Mere failure to report, mere failure to repair, mere failure to pave, mere failure to keep open a street or highway, even though such failure is the creation and maintenance of a nuisance will not excuse the giving of notice.

4. **Municipal corporations. Notice. Requirement of statutory notice under chapter 55 of the Acts of 1913.**
   The notice required by Chapter 55 of the Acts of 1913 must be definite as to time and place where the injuries were received, and a notice stating that the accident happened in a block between two given streets is not sufficient where the exact location of the accident in regard to a house or bridge could have been given.

(1)

Appeal from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

J. R. Bell and E. G. Bell, of Memphis, for plaintiff in error.

E B. Klewer, of Memphis, for defendant in error.

OWEN, J. Luvinia Sneed, a colored woman, has appealed from a judgment rendered in the circuit court dismissing her suit. She instituted suit for personal injury against the City of Memphis on the 16th day of April, 1925, alleging that on the 7th day of November, 1924, she was seriously, painfully and permanently injured by the negligence of the defendant in failing to keep Engle avenue in a safe, reasonable and suitable condition for passage over the same; that while plaintiff was walking along Engle avenue she was caused to slip and fall into a rut or ditch which the City of Memphis had negligently allowed to be and remain in the street; that the city had failed to furnish and maintain any sidewalk along Engle avenue. The declaration further alleged that on the 7th day of January, 1925, plaintiff had served a due and proper notice upon the city informing them of her claim for damages, etc.

The defendant filed a plea of not guilty and a plea that the plaintiff did not, within ninety days after the alleged action, serve written notice on the defendant as required by chapter 55 of the Public Acts of 1913. Later the plaintiff filed an amended declaration, or a second count, alleging that the city was guilty of maintaining a nuisance by failing to repair Engle avenue as it was its duty to do.

The cause came on to be heard before. the court and a jury, and at the conclusion of plaintiff's proof the defendant entered a motion for directed verdict on the following grounds:

"1. The statutory notice was insufficient and did not comply with the provisions of Acts 1913, chapter 55, requiring notice to be served on the mayor of the municipality within ninety days after an injury to person and property, stating the time and place where said injury was received, and the general nature of the injury inflicted.

"2. Said notice was insufficient in that it did not state the place where said injury was received with the certainty required by said statute. Said notice sets forth that the injury occurred on Engle avenue between White and Castex streets, which the proof shows to be a distance of 655¼ feet. From the plaintiff's proof it appears that she could have identified the place of the accident with great particularity and certainty and could have given a better description of the place.

"3. There is a fatal variance between the notice and the proof as to where the accident occurred. Plaintiff's proof shows she fell in the first rut nearest her home on the south side of Engle avenue.

The notice said she fell into the drain on the side of Engle avenue.

"4. There is no legal determinative evidence of negligence on the part of the city."

The notice referred to above, as having been served on defendant by plaintiff, is as follows:

"EXHIBIT "A"

"January, 8th, 1925.

"Registered Mail.

"Honorable Rowlett Paine,

"Mayor of the City of Memphis,

"Memphis, Tenn.

"Dear Sir:

"Luvinia Sneed v. The City of Memphis, Tennessee.

"You will please take notice that I claim damages for physical pain and suffering, and injuries sustained by me about 7:00 o'clock p. m. on the November seventh, 1924, arising from an accident which happened to me at that time, under the following conditions:

"At the time stated I was walking to my home on Engle avenue, the said avenue being a public highway in the City of Memphis, and when I had reached a point on said avenue between White and Castex streets, I was caused to slip and fall into the drain on the side of said Engle avenue, seriously injuring myself, and breaking my right leg, above the ankle.

"The negligence claimed against the City of Memphis is that the said City of Memphis did not provide suitable and safe passageways for pedestrians; did not keep said Engle avenue in a reasonably safe and suitable condition, and that by reason of the dangerous condition of said Engle avenue, together with the fact that the ground was wet from a rain, the said Engle avenue was slippery and dangerous.

"Yours very truly,

"Luvinia Sneed

"By Norville & Lyons, her attorneys."

The court stated that the notice was too indefinite as to the place; that a notice was necessary in case of a nuisance as much as any other case; that the nuisance complained of was a negligent condition of the street and that a notice was required. The motion was sustained. Thereupon the plaintiff seasonably filed her motion for a new trial, containing a number of grounds, which motion was overruled by the court. She prayed and perfected an appeal to this court and has assigned seven errors. These errors cover the following propositions: The court erred in sustaining the defendant's motion for a directed verdict and erred in holding that it was necessary to give notice to the City of Memphis in the instant case; that the court erred in holding that even when the City of Memphis allowed

its street to become a nuisance, to wilfully and intentionally maintain such nuisance, and refused to abate it, that notice was a condition precedent to the bringing of the suit; and the court erred in holding that the notice was insufficient as to place.

There are two questions to be determined in this law suit: (1) was it necessary, under the facts, to give a notice in compliance with chapter 55 of the Acts of 1913, as a condition precedent to the bringing of plaintiff's suit; (2) if such a notice is necessary, is the notice that was given sufficient to describe the place of the accident on Engle avenue between White and Castex streets?

It appears that the plaintiff lived with her husband at 125 Engle avenue, a street forty feet wide, and which runs east and west. Plaintiff's lot was on the south side of Engle avenue. It was in Meacham subdivision to South Ft. Pickering, which subdivision was annexed to the City of Memphis, December 1, 1919, by an act of the legislature which was passed in April, 1919, but did not take effect until December 1, 1919. The plaintiff lived about four or five doors east of White street. White and Castex streets run north and south; they are 655-1/4 feet apart. Engle avenue, prior to the annexation was a dirt road, dedicated to the county of Shelby and at the time of the plaintiff's injury the City of Memphis had never done any grading or repairing of this road or street. The city had never worked the streets in said subdivision and had not laid any sidewalks at the time of the accident.

Plaintiff fell on the night of the accident about seven o'clock p. m. She stepped into a rut in the road. It appears that it was dark and raining, and that the condition of the street at that time was a mud hole. Wagons would travel along this street and the weight of the treads and the wash and wear of the wagons would dig holes in the road from a foot to two feet in depth. The plaintiff fell, or was injured near her home, which was No. 125 and on the south side of the street. There was a bridge across a ditch at Engle avenue, leading into plaintiff's yard. Plaintiff fell twenty feet east of this bridge.

The negligence or nuisance complained of is an act of omission on the part of the City of Memphis wherein it is alleged that the City of Memphis failed to keep in repair, or to construct Engle avenue and make it safe, and failed to build a sidewalk.

In the case of the City of Knoxville v. Robert Felding, 153 Tenn., page 586, Mr. Justice Cook, in delivering the opinion, said: In respect to their streets and sidewalks, cities, like counties, exercise a prerogative of sovereignty delegated by the State, and it was not originally considered that they were liable for injury resulting from the negligent condition of streets and sidewalks. Now the county as an arm or agency of the State is not liable for the negligent maintenance of highways.

"In the New England States where municipal government of towns was of common-law origin, it was not considered that such municipalities could be sued for the negligent maintenance of their streets, but now in all of the States, with the possible exception of South Carolina, municipal corporations are liable for injuries that result from the negligent maintenance of streets, sidewalks, and alleys. Their liability rests upon either an express statute or upon implied statutory authority to sue. In Tennessee no statute expressly authorizes the action, but liability is said to be implied from the nature of the corporate duties and the means afforded by statute to enable performance of the corporate duties. Dillon on Mun. Corp., section 1638; Memphis v. Lasser, 9 Humph., 760; Nashville v. Brown, 9 Heisk., 1, 24 Am. Rep., 289; Niblett v. Nashville, 12 Heisk., 685, 27 Am. Rep., 755; Knoxville v. Bell, 12 Lea, 158.

"The legislature having conferred the power and imposed the duty from which the right to sue is implied, may annex to the right to sue such limitations, as a condition precedent to the right of recovery, as may be deemed expedient. Dillon, Mun. Corp., sections 1708, 1710.

"The rigid application of statutes that require notice as a condition precedent to suit against the city and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in the notice showing with precision the time, place and nature of the injury. Hence the courts say that, because the legislature has required by a mandatory statute the notice of time, place and nature of the injury as a condition precedent to the right of recovery, no person can avail himself of the benefit of the law without strictly observing it. Such is the view of the Tennessee courts, supported by the weight of authority throughout the United States. We refer especially to cases cited in Weisman v. New York, 219 N. Y., 178, 114 N. E., 70 Ann. Cas., 1918E, 1023 (see note 1026, and 6 McQuillin, Mun. Corp., sec. 2714, and cases cited, and Dillon on Mun. Corp., sec. 1613), and to our own cases which we think it proper to refer to at this point.

In White v. Nashville, 134 Tenn., 695, 185 S. W., 721, Ann. Cas., 1917D, 960, it is said that the manifest purpose of the legislature in passing chapter 55, Acts of 1913, was that no suit shall be brought except after notice as required by the act.

"In Nashville v. Black, 142 Tenn., 405, 219 S. W., 1043, 12 A. L. R., 453, the court held the plaintiff was required to prove, as a condition precedent to the right of recovery, that the statutory notice was given.

"In Thompson v. Chattanooga, 143 Tenn., 484, 226 S. W., 186, the court said:

" 'After a careful examination of the authorities bearing upon the question, we are of opinion that the averment of notice was necessary to entitle the plaintiffs to maintain their suit and offer proof of notice. It is expressly provided by the statute that 'no suit shall be brought,' unless the notice is given. The effect of this language is to make the giving of notice a condition precedent to the plaintiff's right to sue, a compliance with the statute must be averred in the declaration of complainant.'

"In Hilson v. Memphis, 142 Tenn., 620, 221 S. W., 851, the court denied a recovery upon a notice otherwise sufficient which failed to indicate the nature of the injuries.

"In Lansden v. Jackson, 142 Tenn., 650, 222 S. W. 2, the court held that notice could not be waived by officers of the city, and that actual notice of the time, place and nature of the injuries would not excuse the injured person from giving the statutory notice."

Robert Felding, the plaintiff, brought suit against the City of Knoxville, alleging that he was permanently injured through the negligence of the city for failure to keep the sidewalks in a condition safe for travel at the point where Temperance street crosses the mouth of Welker alley. Felding gave a notice of his injuries, the time and the place. The notice conformed to the statute, but stated the date of the injury as of February 7, 1922, when the proof showed the accident occurred February 17, 1922. "Doubtless the discrepancy" said this court, "was the result of an error in typing, but this court held that the statute, (chap. 55, Acts 1913) makes notice of the time, place and nature of the injuries a condition precedent to the right of action. It provides that no suit shall be brought against a municipal corporation to recover damages for injuries due to the negligent condition of a street, alley or sidewalk without written notice to the mayor, given within ninety days after the injury, and showing the date of the injury, the place of the accident, and the general nature of the injury; and the statute declares a failure to give the prescribed notice a good defense against all liability that might otherwise exist.

"In Dillon on Municipal Corporations, section 1613, 1665, 1687, it is said that statutes requiring notice of claims growing out of tort are sustained upon the ground that the liability of the municipality in that class of cases is of statutory origin, and that the legislature may properly annex conditions precedent to the right to recover or might take away the right altogether."

Felding had recovered a large judgment in the lower court. The trial judge refused to direct a verdict, holding that the variance in the notice and the date of the injury should be submitted to the

jury upon the question of whether or not the city was in fact misled by the error in date. It was also insisted in behalf of Felding that a notice was not necessary because the injury inflicted upon plaintiff was due to a defect in the construction of the street which made notice unnecessary, under the rule announced in Elrod v. Franklin, 140 Tenn., 278, 204 S. W., 298; McCarty. v. Mountain View, 136 Tenn., 133, 188 S. W., 595, and Hughes v. Nashville, 137 Tenn., 177, 192 S. W., 916.; In overruling this insistence, the court said: "It appears that the stone passageway across the mouth of Welcker alley had existed for many years, and that the flow of water out of the alley and across Temperance street washed the dirt from between the stones that formed the sidewalk across the alley, leaving a space between the stones of about eighteen inches in depth. That defect was the consequence of floods out of the alley washing away the dirt and impairing the original construction, and the injury was not the result of an obstruction created by the city at this point, and the presumption would not follow as in Elrod v. Franklin that the city knew of the location of the obstruction because of its act in creating it.

"In order to relieve the injured person of the requirement of notice under the Act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction which it placed in the highway. Hilson v. Memphis, 142 Tenn., 630, 221 S. W. 851.

"We have carefully considered all the propositions presented through plaintiff's assignments of error, and, while upon the facts it clearly appears that the city was negligent, no recovery can follow, because the legislature had a right to and did annex, as a condition precedent to the right of recovery for injuries resulting from the negligent maintenance of streets and sidewalks, the requirement of notice as prescribed by the statute, and we are bound by the statute."

The Court of Appeals had reversed and dismissed Felding's suit. This court was affirmed by the Supreme Court. Thus it will be seen that a discrepancy of ten days in a notice was not a notice as to time. A mere failure to act, even though the result be a nuisance, will not excuse the giving of the notice. In order that the notice be excused, it is necessary that the city by an act of commission, whether it be the maintenance of a nuisance or a simple act of negligence, do something which proximately and directly results in the injury complained of.

In White v. Mayor of Nashville; 134 Tenn., 688, the city allowed an obstruction to remain in the street, consisting of a cedar post six or eight inches in diameter, and extending about six inches above the surface of the street. Notice was held necessary.

While apparently the declaration was based on negligence, by all generally accepted rules, this obstruction in the street constituted the maintenance of a nuisance.

In Hughes v. City of Nashville, 137 Tenn., 177, the plaintiff walked into an excavation at the mouth of an alley made some hours before by a contractor who had a contract with the city for building an alley. It was an excavation in a street which was a nuisance, yet notice was required.

In Hilson v. City of Memphis, 142 Tenn., 620, notice was held necessary where the plaintiff stepped on a defective manhole cover in the sidewalk which the city itself had placed in the sidewalk. Said the court: "We are of opinion that, in order to relieve the injured person from the necessity of giving the notice required by the Act of 1913, it must appear that the injury complained of was the direct and proximate result of an act committed by the city itself, such as maintaining an obstruction in the street, etc."

In Lansden v. Jackson, 142 Tenn., 650, notice was required where the plaintiff fell by reason of the defective condition of the sidewalk. The defect does not seem to be pointed out in the opinion.

In Thompson v. City of Chattanooga, 143 Tenn., 477, the plaintiff fell on a defective and slippery sidewalk. It seems that the sidewalk was constructed of brick which had become uneven, was lower than the street, and owing to the defective and insufficient drainage, the walk at the point where the plaintiff fell would become submerged in rainy weather and mud would settle upon it, rendering it slippery.

Plaintiff testified she could not avoid walking on the sidewalk because the street likewise was submerged in rainy weather, and there was testimony to the fact that this condition existed for two years prior to the accident. Notice was required.

In the case of Williams v. The City of Nashville, 145 Tenn., 688. no notice was required, it appearing that the City of Nashville had placed a pile of dirt at or near the center of the street, the declaration averring that it was placed in such a negligent and unsafe manner as to constitute a nuisance.

In Elrod v. Town of Franklin, 140 Tenn., 228, notice was not required when the plaintiff fell over a meter box placed in the sidewalk by the Town of Franklin; and in McCarty v. Mountain View, 136 Tenn., 133, notice was not required where the city constructed a drain along the margin of a street by means of which the water was collected and poured on to and over the plaintiff's land, causing sickness to his family. The court said: "The expression, the negligent condition of any street, etc. (referring to chapter 55, of 1913) has reference only to injury inflicted on persons or property upon

such passways by reason of defects therein, incapacitating it partially or wholly for service.''

As to requiring notice, we think it apparent from these authorities that the test is not whether the action is based on negligence or nuisance, but that the real test is whether the injury resulted directly and proximately from some wrongful act committed by the city itself.

Mere failure to inspect, mere failure to repair, mere failure to pave, mere failure to keep open a street or highway, even though such failure results in the creation and maintenance of a nuisance will not excuse the giving of a notice.

If this were not true, the notice will be required in but few cases, and the statute would be emasculated.

For instance, if an abutter wrongfully erects an obstruction in front of his premises in the street, he has created a nuisance. The failure of the city to look for and find such a nuisance is negligence. If, however, such a nuisance be maintained with the knowledge and consent of the city, then the city itself is guilty of maintaining the nuisance; at least it is liable for failure to abate it. However, would it be contended that if a pedestrian or user of the highway tripped over the obstruction, that no notice would be required? We think not.

The language of the statute is plain that the failure to give notice is a valid offense against liability on account of any defective or negligent condition of the street.

This is in line with the authorities from other States. For instance, in Ziegler v. West Bent, 102 Wis., 17, 78 N. W., 164, the plaintiff stepped on a defective manhole cover in a sidewalk, as a result of which he was injured. Notice was held necessary notwithstanding that the city itself had built the manhole in the street. Said the court: ''Counsel for respondent contend that the statutory requirement for a notice referred to, does not apply to injuries caused by defects in the original construction of a street, and cite cases in this court where it has been held that a municipality is responsible the same as a private individual for an improper obstruction placed in a street constituting a nuisance. Hughes v. Fond du Lac, 73 Wis., 380, 41 N. W., 407, is referred to where a roller was left in the street; also Little v. City of Madison, 42 Wis., 643, where the city licensed a street exhibition of wild animals.

''That rule applies only to the doing of something which the city has no right to do, rendering a street or highway dangerous for public travel; not a failure to do properly what a city has a right to do. It may lay out and open a street for public travel, and place in the street those things which legitimately belong there, such as crosswalks, sewers, and catch basins with manholes. The failure to render the street as so constructed, reasonably safe for public travel, is not the creation of a nuisance, failure of duty, rendering the city liable to persons injured by the insufficiency, under par. 1339 of the

statutes. The act of a municipality resulting in the creation of a nuisance, and the failure to make a street reasonably fit for public travel, or to keep it in a proper state of repair after the original construction, are sufficiently distinct that no great difficulty, it would seem, need be experienced in distinguishing when a claim for damages falls under section 1339, and when not. In the one case the street is obstructed or made unsafe by some act of the municipality of commission or omission, not connected with its construction or repair; in the other, the insufficiency grows out of the unsafe construction of the street, or the insufficient repair of it."

While differently expressed, all the authorities indicate that in order to excuse the giving of notice, the injury must result from some wrongful act done by the city itself.

A mere failure to keep in repair is not such a wrongful act as will excuse the giving of notice, it being an act of omission, carelessness and neglect, and not an act of commission, such as the leaving of a roller in the street, the dumping of a pile of dirt in the street, etc. The cases decided subsequently to those cited in the notes, supra, are, Hogan v. City of Beloit, 148 N. W., 687; Pasold v. Town of DeWitt, 200 N. W., 595; Titus v. Town of Bloomfield, 141 N. E., 360.

Under the weight of authority as pronounced by the Supreme Court of Tennessee and courts of other jurisdictions, we are of opinion that a notice was necessary by reason of our statute (chap. 55, Acts of 1913). On the second proposition, viz: Did the notice define the place, and did it meet the requirements of the statute in giving the time and place where the injury was received?

It appears that Engle avenue between the two intersecting streets— White and Castex—was 655-1/4 feet long. The notice did not state where the accident occurred, whether on the north or south side of the street. It described no fixed object, such as tree or bridge or any person's lot or home, by which the place could be identified. The plaintiff knew where she fell, for she stated she fell in front of her own home, which is 125 Engle avenue and within a few feet of a bridge that leads from the street to her home.

In the case of Casey v. City of New York, 111 N. E., 764, the court said: "The city had no difficulty in finding the spot where plaintiff fell and making its measurements soon after the accident, and as the first purpose of the statute is to enable the city to conduct its investigations intelligently, it is urged that the notice, vague as it is, is definite enough to serve that purpose in this case . . . The city is entitled to know not alone where the accident in fact happened, but also where the injured person claims that it happened. The two points are not necessarily and invariably identical, and the rule requiring a particular location to be stated in the notice should not be greatly relaxed merely because the conjectures of the city officials as to its meaning prove accurate."

In the following cases, the notices were held insufficient because the place stated was not particularly described:

"On a public highway at about Washington Street near Vesey street, Borough of Manhattan." City v. City of New York, 217 N. Y., 192, 111 N. E., 764.

"On the sidewalk on Lafayette street near LaGrange." Balton v. Salem, 139 Mass., 91.

"My wife stepped in a hole in a culvert near the Charles Hanks place, or where R. W. Demritt lives, July 22, and hurt her left limb and back." Stite v. Stowe, 54 Vt., 511.

"At or near the intersection of LaSalle and Madison avenue." Reichart v. City of Chicago, 169 Ill. App., 493.

"While walking along sidewalk on Milford street, Borough of Brooklyn," the street was one mile long. Purdy v. City of New York, 193 N. Y., 521, 86 N. E. 560.

"On a certain street popularly known as Barter avenue." This avenue was one-half mile long. Lee v. Village of Greenwich, 48 App. Div., 391, 63 N. Y. S., 160.

"West side of Diamond street between Griggs and Nassau avenue, Brooklyn." The distance between intersecting streets was 800 feet. Walker v. City of New York, 134 N. Y. S., 689, 150 App. Div. 280.

"On sidewalk on west side of 24th street between Jackson street and Vorics street." The distance between intersecting streets was 420 feet. Krucker v. St. Joseph, 195 Mo. App., 101, 103, 190 S. W., 644.

"At a point in the highway at about where the section line between sections seventeen and eighteen in Town of Greenfield across the Beloit Road where the authorities were repairing the highway and where they had dumped a load of gravel." Gravel had been dumped at intervals of fifteen or twenty rods, and the accident occurred 394 feet east of the section line. Webber v. Town of Greenfield, 42 N. W., 101, 74 Wis., 234.

"A few rods below S. A. Strain's starch factory, and between that and the bend in the road at the point of rocks just below the factory." The indefinite distance here was 181-1/2 feet. Butts v. Stowe, 53 Vt., 600.

"On a day named, while walking on Hanover street between Clark and Fleet streets on the southerly side of the street, the sidewalk was so rough, etc.," distance 179 feet. Cronin v. City of Boston, 135 Mass., 110.

"Improperly constructed sidewalk at corner of Howard and 21st streets." The notice did not designate which corner, and was held insufficient. Barribeau v. City of Detroit, 110 N. W., 512.

We hold that the notice is insufficient and is not a substantial compliance with the provisions of chapter 55 of the Acts of 1913.

It results that all of the assignments of error are overruled and disallowed and the judgment of the 'lower court is affirmed.

The plaintiff will pay the cost of the cause, for which execution will issue.